■ In the Matter of GARY G. et al., Appellants, v ROSLYN P. et al., Respondents. [670 NYS2d 270] —Order unanimously affirmed without costs. Memorandum: Billene P. gave birth to a daughter, Garisha G., on October 20, 1992. Petitioner Gary G. is Garisha's biological father, and petitioner Lenora M. is Garisha's paternal grandmother.

On March 21, 1995, respondent Roslyn P., Garisha's maternal aunt, filed a petition in Family Court seeking custody of Garisha and Garisha's half-sister, LaShanta P. By order entered May 12, 1995, the court awarded Roslyn custody of both children.

On January 19, 1996, petitioners filed a petition for custody

of Garisha. Following a hearing on the petition, the court rejected petitioners' contention that Gary, as the biological father, has a right to custody of Garisha superior to that of Roslyn, a nonparent, absent a showing of extraordinary circumstances. It declined to "rule on petitioners' challenge to Roslyn['s] status as a non-parent since this [c]ourt had previously awarded custody of Garisha to her". The court applied the "best interests" test and denied the petition. Petitioners appeal. We affirm but for reasons different from those set forth by the court.

It is well established that, as between a parent and a nonparent, the parent has a superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right because of "surrender, abandonment, persisting neglect, unfitness or other like extraordinary circumstances" (*Matter of Bennett v Jeffreys,* 40 NY2d 543, 544; *see, Matter of Michael G. B. v Angela L. B.,* 219 AD2d 289, 291). "The nonparent has the burden of proving that extraordinary circumstances exist, and until such circumstances are shown, the court does not reach the issue of the best interests of the child" (*Matter of Michael G. B. v Angela L. B., supra,* at 291). The foregoing rule applies even if there is an existing order of custody concerning that child unless there is a prior determination that extraordinary circumstances exist (*see, Matter of Michael G. B. v Angela L. B., supra,* at 292; *see, Matter of Cannon v Armstrong,* 212 AD2d 945; *Matter of Williams v Dunston,* 202 AD2d 681, *lv denied* 84 NY2d 803). Because no such prior determination had been made in this case, the court erred in failing to consider whether such circumstances exist to deprive Gary of his superior right to custody before reaching the issue of the best interests of the child.

There is no need to remit for a new hearing to enable the nonparent to offer proof of extraordinary circumstances because the record is adequate to enable us to apply the "extraordinary circumstances" test, and we reach that issue in the interest of judicial economy (*see, Matter of Michael G. B. v Angela L. B., supra,* at 292).

We conclude that extraordinary circumstances exist in this case. Gary, who was 16 years old when Garisha was born, lives with his mother, who holds two jobs to support the family. He has fathered another child, who was born in 1994. He has failed to obtain employment and receives public assistance. Additionally, he has failed to develop a financial plan for the care of Garisha or his other child. He was arrested for possession and attempted sale of crack cocaine in the summer of 1995, but

was allowed to plead guilty to disorderly conduct. He acknowledged that the area where he was arrested is a high crime area. He was unable to identify Garisha's pediatrician, and Roslyn offered proof that Garisha was behind in vaccinations and immunizations when Roslyn first obtained custody. Gary also admitted that he did not have any plans for Garisha's future. Additionally, Garisha and her half-sister LaShanta should not be separated. They enjoy a particularly close relationship that "should not be disrupted 'unless there is some overwhelming need to do so'" (*White v White*, 209 AD2d 949, 950, *lv dismissed* 85 NY2d 924, quoting *Pawelski v Buchholtz*, 91 AD2d 1200, 1201).

Having determined that extraordinary circumstances exist, we conclude that the court properly determined that the best interests of Garisha would be served by continuing the present custodial arrangement (*see, Eschbach v Eschbach*, 56 NY2d 167). (Appeal from Order of Niagara County Family Court, DiFlorio, J.H.O.—Custody.) Present—Denman, P. J., Green, Pine, Callahan and Fallon, JJ.