■ In the Matter of Katherine D., Appellant, v Lawrence D. et al., Respondents. [822 NYS2d 349]—

Appeal from an order of the Family Court, Cattaraugus

County (Lynn L. Hartley, J.H.O.), entered April 1, 2005 in a proceeding pursuant to Family Court Act article 6. The order dismissed the petition.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Petitioner mother commenced this proceeding to modify a prior order that, inter alia, granted custody of her child to respondents Mary D. and Brian R.D., the child's paternal grandparents. By her petition, petitioner sought custody of the child. We agree with petitioner that Family Court erred in dismissing the petition without first finding that extraordinary circumstances exist. "It is well established that, as between a parent and a nonparent, the parent has a superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right because of 'surrender, abandonment, persisting neglect, unfitness or other like extraordinary circumstances' " (*Matter of Gary G. v Roslyn P.*, 248 AD2d 980, 981 [1998], quoting *Matter of Bennett v Jeffreys*, 40 NY2d 543, 544 [1976]). Extraordinary circumstances must be shown where, as here, the prior order granting custody of the child to nonparents was made upon consent of the parties (*see Matter of Guinta v Doxtator*, 20 AD3d 47, 53 [2005]; *Gary G.*, 248 AD2d at 981). We need not remit the matter for a new hearing, however, because the record is adequate to enable us to apply the extraordinary circumstances test (*see Gary G.*, 248 AD2d at 981).

The testimony of petitioner established that extraordinary circumstances exist in that petitioner is unfit to care for the child (*see Matter of Miller v Orbaker*, 17 AD3d 1145, 1146 [2005], *lv denied* 5 NY3d 714 [2005]; *Matter of Pamela S.S. v Charles E.*, 280 AD2d 999, 1000 [2001]). Petitioner was delusional during parts of her testimony, many of her answers were nonsensical and incredible, and it was apparent that petitioner suffered from a mental illness. Although petitioner had been in treatment for mental illness, at the time of the hearing she denied having a mental illness and testified that she was not seeking any treatment or on medication. Her testimony also raises concerns about the child's safety during visitation with her. Having determined that extraordinary circumstances exist, we further conclude that the record supports the court's determination that the best interests of the child would be served by continuing the present custodial arrangement (*see Gary G.*, 248 AD2d at 982).

We reject the remaining contention of petitioner that she was denied effective assistance of counsel. It is not the role of this

Court to second-guess the attorney's tactics or trial strategy (*see Matter of James HH.*, 234 AD2d 783, 785 [1996], *lv denied* 89 NY2d 812 [1997]). The failure of counsel to call petitioner's therapist to testify or to introduce his report as evidence may have been strategic in that his testimony and report may not have been wholly favorable to petitioner (*see Matter of Angela Marie N.*, 223 AD2d 423, 424 [1996], *lv denied* 88 NY2d 814 [1996]). Petitioner failed to show how counsel's remaining alleged deficiencies prejudiced her (*see Matter of Anson v Anson*, 20 AD3d 603, 605 [2005], *lv denied* 5 NY3d 711 [2005]; *Matter of Whitley v Leonard*, 5 AD3d 825, 827 [2004]). Based on our review of the record, we conclude that petitioner received meaningful representation (*see Matter of Westfall v Westfall*, 28 AD3d 1229 [2006], *lv denied* 7 NY3d 706 [2006]; *Matter of Starkey v Starkey*, 247 AD2d 894, 895 [1998]). Present— Hurlbutt, J.P., Scudder, Gorski and Green, JJ.