■ In the Matter of Lawrence G. Spraker, Jr., Respondent, v Brenda L. Watts, Appellant. [837 NYS2d 754]—

Lahtinen, J. Appeal from an order of the Family Court of Cortland County (Ames, J.), entered August 12, 2005, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

The parties are the parents of one child, a son, who was 13 years old at the time of the hearing and now is 15 years old. There had been many proceedings regarding his custody during the 11 years before the instant proceeding. Most recently before this proceeding, Family Court issued an order in July 2004 pursuant to a stipulation of the parties granting joint legal custody with respondent (hereinafter the mother) having physical custody and petitioner (hereinafter the father) having liberal visitation. In December 2004, the father commenced this modification proceeding seeking physical custody based upon allegations of, among other things, the mother's unstable and inadequate living conditions, her moving the child to three different school districts in one school year as she repeatedly moved residences, and her lack of sufficient supervision and medical care for the child. A hearing ensued from May 2005 to July 2005, after which Family Court issued a thorough written decision in which it awarded the father physical custody and the mother visitation. In addition, in an effort to ensure that the father had, as he claimed, overcome an alcohol problem, Family Court entered an order of protection prohibiting him from consuming alcohol and further placed him on probation for two years and directing that he report to a probation officer during such time. The mother appeals.

To justify modifying a custody order, a petitioner must show a sufficient change in circumstances reflecting a need for the change to ensure the best interests of the child, which remains at all times the overriding concern (*see Matter of Graham v Graham*, 24 AD3d 1051, 1052 [2005], *lv denied* 6 NY3d 711 [2006]). Where the existing custodial arrangement resulted from a stipulation rather than an order after a full hearing, it is entitled to less weight (*see Matter of Roe v Roe*, 33 AD3d 1152, 1153 [2006]). A host of factors are relevant in determining whether there has been a sufficient showing of changed circumstances including " 'the quality and stability of the respective home environments and each parent's past performance, relative fitness and ability to provide for and guide the child's intellectual and emotional development' " (*Matter of Thompson v Thompson*, 267 AD2d 516, 518 [1999], quoting *Matter of Perry v Perry*, 194 AD2d 837, 837 [1993]). "Upon appeal, we will accord deference to the findings and credibility assessments made by Family Court if they are supported by a sound and substantial basis in the record" (*Munson v Lippman*, 2 AD3d 1252, 1253 [2003] [citations omitted]).

During the 2004-2005 school year, the mother lived in four different locations and moved the child to three different school districts. Some of the living arrangements clearly resulted in difficult circumstances for the child, including residing with 10 or more individuals in a trailer, sleeping on the floor, and being around extended family members who abused alcohol. During this time, he was involved in two theft-related incidents at area stores. The child, who had been diagnosed with ADHD and a learning disability, had repeated disciplinary problems at school. The child's social worker stated that the relocations were very stressful for him, particularly in light of his mental health issues. Contrary to the mother's contention, there was adequate evidence for Family Court to conclude that her unstable lifestyle had a detrimental effect on the child and that such constituted a change in circumstances.

There was evidence, which Family Court credited, that the father's approaches to discipline and providing structure for the child were more effective than the mother's. While not dispositive, the child consistently expressed a desire to reside with his father. The father is more actively involved in providing constructive recreation options for the child; activities such as horseback riding, camping and fishing. There was also proof that his approach to the child's educational problems had a better result. The mother delayed getting appropriate medical attention for the child and urged him to lie regarding an incident

when he was injured. To be sure, the father has had some significant problems in the past, which apparently were related to excessive consumption of alcohol. Indeed, partly because of such problems, Family Court observed that, while a change of circumstances was shown by the acute instability in the child's life, determining whether it was in his best interests to live with the father was a difficult issue. The Law Guardian advocated that it was not. Nevertheless, the court was convinced that, after putting in place protections to address the concerns with the father, it was in the child's best interests to place physical custody with the father. The record reveals a sound and substantial basis supporting Family Court's determination.

Mercure, J.P., Crew III, Peters and Rose, JJ., concur. Ordered that the order is affirmed, without costs.