■ In the Matter of NAGI T., Respondent, v MAGDIA T., Also Known as MAGDIA A., Appellant. In the Matter of MAGDIA A., Appellant, v NAGI T., Respondent. [850 NYS2d 732]—

Appeal from an order of the Family Court, Erie County (Kevin M. Carter, J.), entered March 28, 2007 in a proceeding pursuant

to Family Court Act article 6. The order granted sole custody of the parties' children to petitioner-respondent with visitation to respondent-petitioner.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent-petitioner mother appeals from an order granting petitioner-respondent father sole custody of their two children with visitation to the mother. Contrary to the mother's contention, Family Court's determination that it was in the best interests of the children to be placed in the father's custody has a sound and substantial basis in the record, despite the fact that the mother had been the primary caregiver of the children for most of their lives (*see generally Fox v Fox*, 177 AD2d 209, 211-212 [1992]). The evidence adduced at the hearing established that the father was able to provide the children with a stable home and that the mother was unable to support herself and relied on her father to pay her living expenses (*see Matter of Hernandez v Sherwood*, 254 AD2d 574, 575 [1998]; *Matter of Hotaling v Hotaling*, 249 AD2d 707, 708-709 [1998]). In addition, the mother had previously moved the children from Buffalo to New York City and Yemen, indicating that the father is more inclined than the mother to permit the children maximum access to the other parent (*see Matter of Angel M.S. v Thomas J.S.*, 41 AD3d 1227 [2007]). Finally, we reject the contention of the mother that she was denied effective assistance of counsel. The mother failed to demonstrate that she was prejudiced by the alleged deficiencies in her attorney's performance and, indeed, the record reflects that her attorney "provided meaningful and competent representation through the calling of witnesses, vigorous cross-examination, appropriate objections and submission of proposed findings of fact following the hearing" (*Matter of Whitley v Leonard*, 5 AD3d 825, 827 [2004]; *see Matter of Katherine D. v Lawrence D.*, 32 AD3d 1350, 1352 [2006], *lv denied* 7 NY3d 717 [2006]). Present— Smith, J.P., Lunn, Peradotto, Green and Pine, JJ.