■ In the Matter of RONALD I. et al., Respondents, v JAMES J., Respondent, and TAMMY J., Appellant. [861 NYS2d 182]—

Rose, J. Appeal from an order of the Family Court of Schuyler County (Argetsinger, J.), entered June 18, 2007, which, among other things, granted petitioners' application, in a proceeding pursuant to Family Ct Act article 6, for custody of respondents' child.

Petitioners, the paternal grandfather and step-grandmother of a child born in 1997, commenced this proceeding in August 2005 seeking custody of the child because he had been entrusted to their care at their home in Florida since July 2003. Respondent Tammy J. (hereinafter the mother) is the child's biological mother. Her husband, respondent James J. (hereinafter the father), adopted the child in 2001. The child remained with petitioners when the mother and father separated, although the father obtained full legal custody of all three of the couple's children. In November 2005, the parties agreed that the child would remain with petitioners until he could be returned to the custody of the father. This arrangement was incorporated in an order that permitted any party to request plenary review at a later date. In July 2006, the mother requested such review. Following a hearing, Family Court granted joint custody to petitioners and the mother, with the child to continue to reside with petitioners in Florida.

The mother appeals, contending that Family Court erred in awarding joint custody and physical placement of the child with petitioners. We disagree. While "[a] parent has a superior right to custody over a nonparent unless the nonparent meets the burden of proving 'surrender, abandonment, persisting neglect, unfitness or other like extraordinary circumstances'" (*Matter of Campbell v Brewster*, 9 AD3d 620, 621 [2004], quoting *Matter of Bennett v Jeffreys*, 40 NY2d 543, 544 [1976]; *see Matter of Eger v Garafolo*, 251 AD2d 770, 772 [1998]), such circumstances are clearly demonstrated by the record here. In addition to the long period of time when the mother voluntarily relinquished the child's care to petitioners, there is evidence that she lacks the stability, skills and resources to address the child's special needs. The record shows that petitioners recognized these needs and provided comprehensive treatment for them, and the child has thrived and bonded closely with them. Moreover, during the relevant times, the mother herself required treatment for her own mental health issues, lacked the needed parenting skills and repeatedly failed to acknowledge the potential danger to the child posed by her younger brother who, the father testified,

had abused the child sexually in the past. Further, even though the prior custody order and most of the mother's efforts contemplated that the child would eventually return to New York to reside with the father, he ultimately renounced this plan and agreed to have the child continue to reside with petitioners before Family Court rendered its decision. Given these factors, we find that the evidence clearly demonstrated the requisite extraordinary circumstances (see *Matter of Donohue v Donohue*, 44 AD3d 1042, 1043 [2007]; *Matter of William L. v Betty T.*, 243 AD2d 860, 862 [1997]; *Matter of Benjamin B.*, 234 AD2d 457, 457-458 [1996], *lv denied* 89 NY2d 812 [1997]).

Next, we find ample support in the record for the conclusion that physical placement with petitioners is in the child's best interests (see *Matter of Bennett v Jeffreys*, 40 NY2d at 544). Here, several relevant factors lead to this conclusion, including the maintenance of stability for the child, the child's wishes, the home environment with each party, the past performance and relative fitness of each, the ability of each to guide and provide for the child's overall well-being and the willingness of each to foster a positive relationship between the child and the other party (see *Matter of Kilmartin v Kilmartin*, 44 AD3d 1099, 1102 [2007]). Petitioners have provided a stable and comfortable home environment for the child with sufficient financial support and structure to accommodate his special needs since July 2003. Petitioners also have demonstrated a willingness in the past to foster the mother's relationship with the child. The mother, on the other hand, failed to demonstrate that she had the necessary skills, home environment and preparation for return of the child to her care. Nor has she acknowledged the potential dangers posed to the child by her relatives.

Further, we take a dim view of the mother's self-help attempts to retrieve the child from petitioners in Florida, one of which was made with the father's help based upon the mother's false allegation of abuse. Although Family Court found that the mother had "little fault of her own" regarding her actions, the record makes clear that she never petitioned Family Court for return of the child, and we will not defer to such credibility assessments and findings when they have no support in the record (*cf. Matter of Spraker v Watts*, 41 AD3d 953, 954 [2007]). The record also fails to support the court's finding that petitioners and the father connived to keep the child away from the mother. Nor does the evidence show that petitioners engaged in "extreme and unjustified attempt[s] to exclude the mother from the child's life." Despite the lack of any basis in the record to

support these specific findings, we find ample evidence to support Family Court's ultimate determination of the issues of custody and placement.

Mercure, J.P., Spain, Kavanagh and Stein, JJ., concur. Ordered that the order is affirmed, without costs.