■ In the Matter of MINDY L. HOWARD, Appellant, et al., Petitioner, v SHIRLEY McLOUGHLIN, Respondent. [881 NYS2d 766]—

Appeal from an order of the Family Court, Oswego County (Spencer J. Ludington, J.), entered April 8, 2008 in a proceeding pursuant to Family Court Act article 6. The order, insofar as appealed from, granted that part of the motion of respondent to dismiss the petition with respect to petitioner Mindy L. Howard and dismissed the petition with respect to that petitioner.

It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is denied in part, the petition with respect to petitioner Mindy L. Howard is reinstated, and the matter is remitted to Family Court, Oswego County, for further proceedings in accordance with the following memorandum: Petitioner mother, as limited by her brief, contends on appeal that Family Court erred in granting the motion of respondent maternal grandmother to dismiss the mother's petition seeking to modify a prior order awarding custody of the mother's child to the grandmother. We agree with the mother that the court erred in dismissing the petition without determining whether extraordinary circumstances existed to warrant continued custody with the grandmother and, if so, whether the mother established that there has been a change in circumstances such that a modification in custody would be in the best interests of the child. "It is well established that, as between a parent and a nonparent, the parent has a superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right because of 'surrender, abandonment, persisting neglect, unfitness or other like extraordinary circumstances' " (*Matter of Gary G. v Roslyn P.*, 248 AD2d 980, 981 [1998], quoting *Matter of Bennett v Jeffreys*, 40 NY2d 543, 544 [1976]). The nonparent has the burden of establishing that extraordinary circumstances exist even where, as here, "the prior order granting custody of the child to [the] nonparent[ ] was made upon consent of the parties" (*Matter of Katherine D. v Lawrence D.*, 32 AD3d 1350, 1351 [2006], *lv denied* 7 NY3d 717 [2006]; *see also Matter of Guinta v Doxtator*, 20 AD3d 47, 53 [2005]; *Gary*

*G.,* 248 AD2d at 981). As noted, it is only after a court has determined that extraordinary circumstances exist that the custody inquiry becomes "whether there has been a change of circumstances requiring a modification of custody to ensure the best interests of the child" (*Guinta,* 20 AD3d at 51).

Here, there is no indication in the record that, in the history of the parties' litigation, the court previously made a determination of extraordinary circumstances divesting the mother of her superior right to custody (*see id.; see generally Bennett,* 40 NY2d at 544), and the record is insufficient to enable us to make our own determination with respect to whether extraordinary circumstances exist and, if so, whether the mother established a change in circumstances to warrant a modification of the existing custody arrangement in the best interests of the child (cf. *Gary G.,* 248 AD2d at 981; *Matter of Michael G.B. v Angela L.B.,* 219 AD2d 289, 292 [1996]). We note that a hearing on the issue of extraordinary circumstances is not required where the court otherwise possesses sufficient information to render an informed determination on that issue (*see generally Matter of Bogdan v Bogdan,* 291 AD2d 909 [2002]). We therefore reverse the order insofar as appealed from, deny the grandmother's motion in part, reinstate the petition with respect to the mother, and remit the matter to Family Court to determine, following a hearing if necessary, whether extraordinary circumstances exist and, if so, whether a change of circumstances requires modification of custody to ensure the best interests of the child (*see generally Matter of Male Infant L.,* 61 NY2d 420, 427-429 [1984]; *Matter of McDevitt v Stimpson,* 281 AD2d 860, 862 [2001]). Finally, we reject the contention of the mother that she was denied effective assistance of counsel (*see generally Matter of Nagi T. v Magdia T.,* 48 AD3d 1061 [2008]). Present—Smith, J.P., Centra, Peradotto, Green and Gorski, JJ.