In the Matter of DANIEL H. ROSSO, Respondent, v ANDREA M. GEROUW-ROSSO, Appellant, et al., Respondent. In the Matter of ANDREA M. GEROUW-ROSSO, Appellant, v DANIEL H. ROSSO, Respondent. [914 NYS2d 829]—

Appeal from an order of the Family Court, Ontario County (Maurice E. Strobridge, J.H.O.), entered July 8, 2009 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, continued sole custody of the subject child with Daniel H. Rosso.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent/petitioner mother appeals from an order that, inter alia, denied her petition seeking sole custody of her son, who was born in June 2000. Petitioner/respondent paternal grandfather had been awarded sole custody of the child in 2004 and, prior thereto, the paternal grandmother had custody of the child. The grandfather obtained custody when the grandmother became ill, and the child has not lived with his parents since the age of eight months. Nevertheless, it is axiomatic that, "as between a parent and a nonparent, the parent has a superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right because of 'surrender, abandonment, persisting neglect, unfitness or other like extraordinary circumstances' " (*Matter of Gary G. v Roslyn P.*, 248 AD2d 980, 981 [1998], quoting *Matter of Bennett v Jeffreys*, 40 NY2d 543, 544 [1976]; *see Matter of Howard v McLoughlin*, 64 AD3d 1147 [2009]). Here, Family Court failed to determine whether the grandfather met his burden of establishing the existence of extraordinary circumstances, nor is there any indication in the record whether there was such a prior determination of extraordinary circumstances (*see generally Matter of Guinta v Doxtator*, 20 AD3d 47, 54

[2005]). Nevertheless, the record is sufficient to enable this Court to make that determination in the interest of judicial economy (*see Matter of Michael G.B. v Angela L.B.*, 219 AD2d 289, 292 [1996]; *cf. Howard*, 64 AD3d at 1148), and we conclude that the grandfather has established the existence of extraordinary circumstances (*see Matter of Brault v Smugorzewski*, 68 AD3d 1819 [2009]; *Michael G.B.*, 219 AD2d at 292-293). Even crediting the testimony of the mother that she has not used illegal drugs since 2005, the record nevertheless establishes that the mother's life has been unstable. The mother has never been steadily employed; she has moved several times; she admitted that she lived with the father while he was using drugs and it is undisputed that a drug dealer once entered the home and struck both parents seeking payment for drugs; the father testified that he believed that the mother had obtained employment with an escort service; and it is undisputed that the mother posed in the nude for a publication. Furthermore, there has been a prolonged separation between the mother and child, and the record establishes that there is a psychological bond between the child and the grandfather.

Having found that there are extraordinary circumstances, we further conclude that the court properly determined that it is in the best interests of the child to remain in the custody of the grandfather (*see generally Gary G.*, 248 AD2d at 981). The record establishes that the grandfather is better able to provide for the child both financially and with respect to his emotional and intellectual development (*see Fox v Fox*, 177 AD2d 209, 210 [1992]). Moreover, the grandfather is more fit to care for the child, and the continuity and stability of the existing custodial arrangement is in the child's best interests (*see id.*). We note in addition that the expressed wish of the nine-year-old child to live with his mother is not controlling (*see id.* at 211; *cf. Matter of Stevenson v Stevenson*, 70 AD3d 1515, 1516 [2010], *lv denied* 14 NY3d 712 [2010]).

We further conclude that the court properly determined that the mother failed to meet the heavy burden of establishing a change of circumstances warranting a change of the established custody arrangement to ensure the best interests of the child (*see generally Guinta*, 20 AD3d at 54; *cf. Matter of Kristi L.T. v Andrew R.V.*, 48 AD3d 1202, 1204 [2008], *lv denied* 10 NY3d 716 [2008]). Although the mother was residing with her parents and had separated from the father, who was serving a prison sentence, she did not have steady employment and there was conflicting evidence whether she had used illegal drugs since the latest order regarding visitation was entered in March 2007.

Furthermore, the mother admitted that she was charged with shoplifting while the child was with her.

We reject the further contention of the mother that she was denied effective representation (*see Matter of Nagi T. v Magdia T.*, 48 AD3d 1061 [2008]). Also contrary to the mother's contention, the Attorney for the Child properly advised the court that the child had expressed the wish to live with his mother. Nevertheless, the Attorney for the Child advocated that he remain in the grandfather's custody based upon her determination, in accordance with the Rules of the Chief Judge, that the child "lacks the capacity for knowing, voluntary and considered judgment" (22 NYCRR 7.2 [d] [3]). Present—Scudder, P.J., Carni, Lindley, Pine and Gorski, JJ.