# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**135**

**CAF 12-01187**

PRESENT: SCUDDER, P.J., CENTRA, FAHEY, CARNI, AND VALENTINO, JJ.

---

IN THE MATTER OF SABRINA CAMPBELL,
PETITIONER-RESPONDENT,

V                                            MEMORANDUM AND ORDER

MARGARET JANUARY, RESPONDENT-RESPONDENT,
AND BENNIE CARTER, SR., RESPONDENT-APPELLANT.

---

MARK D. FUNK, ROCHESTER, FOR RESPONDENT-APPELLANT.

SERCU & SERCU LLP, PITTSFORD (LARA R. BADAIN OF COUNSEL), FOR
PETITIONER-RESPONDENT.

M. THOMAS SCOTT & ASSOCIATES, GRAND ISLAND (MARY THOMAS SCOTT OF
COUNSEL), FOR RESPONDENT-RESPONDENT.

SANFORD A. CHURCH, ATTORNEY FOR THE CHILD, ALBION.

---

Appeal from an order of the Family Court, Orleans County (James
P. Punch, J.), entered May 15, 2012 in a proceeding pursuant to Family
Court Act article 6.  The order, among other things, awarded sole
custody of the subject child to petitioner.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum:  On appeal from an order granting sole custody of the
subject child to petitioner, a nonparent, respondent father contends
that there was no showing of extraordinary circumstances.  We reject
that contention.  It is well settled that, "as between a parent and a
nonparent, the parent has a superior right to custody that cannot be
denied unless the nonparent establishes that the parent has
relinquished that right because of 'surrender, abandonment, persisting
neglect, unfitness or other like extraordinary circumstances' "
(*Matter of Gary G. v Roslyn P.*, 248 AD2d 980, 981, quoting *Matter of
Bennett v Jeffreys*, 40 NY2d 543, 544; *see Matter of Howard v
McLoughlin*, 64 AD3d 1147, 1147).  Here, the record establishes that
respondent mother placed the child with petitioner just days after his
birth in February 2010, and the father disputed that he was the father
of the child even after receiving the results of a DNA test confirming
that he was.  The father did not seek custody of the child until the
child was almost one year old, after an order of filiation was
entered.  The father visited the child for the first time in January
or February 2012, and had only six or seven visits before he stopped

attending when the visits were moved to petitioner's home around April 2012. The child has significant medical conditions and special needs requiring various forms of treatment, and the father demonstrated that he has no interest in learning about the child's conditions and needs and how to treat them (*see Matter of Brault v Smugorzewski*, 68 AD3d 1819, 1819; *Matter of Ronald I. v James J.*, 53 AD3d 706, 707). We therefore agree with Family Court that extraordinary circumstances were present here. We note that the father additionally contends that the court improperly shifted the burden of proof to him to establish extraordinary circumstances when it ordered him to present his proof first. That contention is not preserved for our review (*see Matter of Canfield v McCree*, 90 AD3d 1653, 1653-1654), and is without merit in any event. The court's determination establishes that it was aware that petitioner "bore the burden of proof regardless of the order of presentation" of the proof (*Matter of Scala v Parker*, 304 AD2d 858, 859).

Contrary to the father's further contention, the court did not err in ordering supervised visitation. Courts have broad discretion in determining whether visits should be supervised, and we conclude that there is a sound and substantial basis in the record to support the court's determination (*see Matter of Chilbert v Soler*, 77 AD3d 1405, 1406, *lv denied* 16 NY3d 701). The father is presently unable to address the child's medical conditions and special needs due to his inability to understand them or his indifference to them.

Entered: February 7, 2014                                    Frances E. Cafarell
                                                             Clerk of the Court