Appeal from an order of the Family Court, Orleans County (James E Punch, J), entered May 15, 2012 in a proceeding pursuant to Family Court Act article 6. The order, among other things, awarded sole custody of the subject child to petitioner.
It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
Memorandum: On appeal from an order granting sole custody of the subject child to petitioner, a nonparent, respondent father contends that there was no showing of extraordinary circumstances. We reject that contention. It is well settled that, “as between a parent and a nonparent, the parent has a superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right because of ‘surrender, abandonment, persisting neglect, unfitness or other like extraordinary circumstances’ ” (Matter of Gary G. v Roslyn P., 248 AD2d 980, 981 [1998], quoting Matter of Bennett v Jeffreys, 40 NY2d 543, 544 [1976]; see Matter of Howard v McLoughlin, 64 AD3d 1147, 1147 [2009]). Here, the record establishes that respondent mother placed the child with petitioner just days after his birth in February 2010, and the father disputed that he was the father of the child even after receiving the results of a DNA test confirming that he was. The father did not seek custody of the child until the child was *1177 almost one year old, after an order of filiation was entered. The father visited the child for the first time in January or February 2012, and had only six or seven visits before he stopped attending when the visits were moved to petitioner’s home around April 2012. The child has significant medical conditions and special needs requiring various forms of treatment, and the father demonstrated that he has no interest in learning about the child’s conditions and needs and how to treat them (see Matter of Brault v Smugorzewski, 68 AD3d 1819, 1819 [2009]; Matter of Ronald I. v James J., 53 AD3d 706, 707 [2008]). We therefore agree with Family Court that extraordinary circumstances were present here. We note that the father additionally contends that the court improperly shifted the burden of proof to him to establish extraordinary circumstances when it ordered him to present his proof first. That contention is not preserved for our review (see Matter of Canfield v McCree, 90 AD3d 1653, 1653-1654 [2011]), and is without merit in any event. The court’s determination establishes that it was aware that petitioner “bore the burden of proof regardless of the order of presentation” of the proof (Matter of Scala v Parker, 304 AD2d 858, 859 [2003]).
Contrary to the father’s further contention, the court did not err in ordering supervised visitation. Courts have broad discretion in determining whether visits should be supervised, and we conclude that there is a sound and substantial basis in the record to support the court’s determination (see Matter of Chilbert v Soler, 77 AD3d 1405, 1406 [2010], lv denied 16 NY3d 701 [2011]). The father is presently unable to address the child’s medical conditions and special needs due to his inability to understand them or his indifference to them. Present — Scudder, EJ., Centra, Fahey, Carni and Valentino, JJ.