# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**934**
**CAF 13-00785**
PRESENT: SCUDDER, P.J., CENTRA, CARNI, LINDLEY, AND WHALEN, JJ.

---

IN THE MATTER OF JEREMY A. MCNEIL,
PETITIONER-APPELLANT,

V                                           MEMORANDUM AND ORDER

MICHAEL DEERING, BETH L. DEERING AND TINA
DEERING, RESPONDENTS-RESPONDENTS.
(APPEAL NO. 1.)

---

CHARLES J. GREENBERG, AMHERST, FOR PETITIONER-APPELLANT.

KATHY L. QUENCER, ATTORNEY FOR THE CHILDREN, WATERTOWN.

-------------------------------------------------------------------------------------------------------

Appeal from an amended order of the Family Court, Jefferson County (Peter A. Schwerzmann, A.J.), entered April 12, 2013 in a proceeding pursuant to Family Court Act article 6.  The amended order dismissed the amended petition for modification of custody.

It is hereby ORDERED that the amended order so appealed from is unanimously affirmed without costs.

Memorandum:  In appeal No. 1, petitioner father appeals from an amended order that dismissed his amended petition seeking modification of the existing custody arrangement (2012 modification petition). Pursuant to a stipulated order, respondents Michael Deering and Tina Deering, the children's maternal grandparents, have joint legal custody of the children along with the father and respondent Beth L. Deering, the children's mother, and the grandparents have primary physical residence of the children with visitation to the father.  By the amended petition in appeal No. 1, the father sought sole custody of the children.  In appeal No. 2, the father appeals from an amended order that dismissed his petition alleging that the mother violated a visitation order.  In appeal Nos. 3 and 4, the father appeals from amended orders that dismissed his petitions seeking an order of protection against the grandfather and the grandmother, respectively. Finally, in appeal No. 5, the father appeals from an order that dismissed his second petition seeking, inter alia, modification of the existing custody arrangement (2013 modification petition) on the ground that Vermont, rather than New York, is the more convenient forum.  We note at the outset that the father has failed to address on appeal any issues with respect to the propriety of the amended orders in appeal Nos. 2, 3 and 4, and therefore is deemed to have abandoned any such issues (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 984).

The father contends in appeal No. 1 that Family Court erred in failing to apply the extraordinary circumstances standard when evaluating the 2012 modification petition and should have granted the 2012 petition because it would be in the best interests of the children for the father to have sole custody. We agree with the father that the court erred in failing to conduct the threshold inquiry whether extraordinary circumstances existed here to warrant the continuation of primary physical residence with the grandparents (*see Matter of Howard v McLoughlin*, 64 AD3d 1147, 1147). "The nonparent has the burden of establishing that extraordinary circumstances exist even where, as here, 'the prior order granting custody of the child to [the] nonparent[ ] was made upon consent of the parties' " (*id.*). We need not remit the matter to Family Court to make that determination, however, because the record here is adequate to enable us to do so (*cf. id.* at 1148). We conclude that there are the requisite extraordinary circumstances, based on the father's history of domestic violence, including an incident that occurred in the presence of one of the children and resulted in at least three orders of protection and incarceration, his history of substance abuse, and his sporadic contact with the children (*see Matter of Roberta W. v Carlton McK.*, 112 AD3d 729, 730; *Matter of Barnes v Evans*, 79 AD3d 1723, 1724, *lv denied* 16 NY3d 711; *Matter of Campo v Chapman*, 24 AD3d 439, 439-440, *lv denied* 6 NY3d 709). Nevertheless, we further conclude that the father failed to demonstrate a change in circumstances to warrant an inquiry into the best interests of the children on the issue of custody because the record does not support his contention that there was a deterioration in the parties' relationships and that the grandparents interfered with his scheduled visitation or telephone access (*see Matter of Kashif II. v Lataya KK.*, 99 AD3d 1075, 1076).

In appeal No. 5, the father contends that the court erred in refusing to retain jurisdiction over the 2013 modification petition because, contrary to the court's determination, New York is the more convenient forum. We reject that contention, inasmuch as there is a sound and substantial basis in the record to support the court's determination that Vermont is the more appropriate forum (*see Matter of Frank MM. v Lorain NN.*, 103 AD3d 951, 952).

Entered: September 26, 2014                    Frances E. Cafarell
                                               Clerk of the Court