# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**471**

**CAF 14-00140**

PRESENT: SMITH, J.P., CARNI, LINDLEY, SCONIERS, AND DEJOSEPH, JJ.

---

IN THE MATTER OF CHARLES E. WILSON, SR.,
PETITIONER-APPELLANT,

V                                                          MEMORANDUM AND ORDER

DARCIE M. HAYWARD, RESPONDENT-RESPONDENT.
(PROCEEDING NO. 1.)
----------------------------------------------
IN THE MATTER OF DARCIE M. HAYWARD,
PETITIONER-RESPONDENT,

V

CHARLES E. WILSON, SR., RESPONDENT-APPELLANT.
(PROCEEDING NO. 2.)

---

PAUL B. WATKINS, FAIRPORT, FOR PETITIONER-APPELLANT AND RESPONDENT-APPELLANT.

ASHLEY N. LYON, ATTORNEY FOR THE CHILDREN, ADAMS.

-------------------------------------------------------------------------------------

Appeal from an order of the Family Court, Jefferson County (Diana D. Trahan, R.), entered December 27, 2013 in proceedings pursuant to Family Court Act article 6. The order, among other things, adjudged that the custody of the subject children shall remain with Darcie M. Hayward.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner-respondent father Charles Wilson, Sr., is the father of the four subject children, and respondent-petitioner Darcie M. Hayward is a friend of the father's family. In 2008, during a neglect proceeding against the father with respect to the four subject children, the father asked Hayward to take custody of the children. Hayward then petitioned for custody of the children, and Family Court issued an order pursuant to Family Court Act article 6 that, inter alia, granted Hayward's petition and awarded custody of the children to Hayward, with visitation to the father. Upon the father's consent, the court also issued an order pursuant to Family Court Act article 10 that contained a finding that the father had neglected the children and, inter alia, placed the father under the supervision of Jefferson County Department of Social Services (DSS) and ordered the father's visitation with the children to be

supervised.  In 2013, the father filed a petition seeking to modify the prior custody order by awarding him custody of the children. Hayward filed a cross petition seeking to modify the prior custody order by, inter alia, reducing the hours and frequency of the father's supervised visitation with the children.  After a hearing, the Referee, inter alia, awarded custody of the children to Hayward and set forth a schedule for the father's supervised visitation with the children.  We affirm.

The father contends that there is a conflict between the prior order awarding custody to Hayward pursuant to Family Court Act article 6 and the prior order containing a finding of neglect pursuant to Family Court Act article 10.  That contention is raised for the first time on appeal and thus is not preserved for our review (*see Matter of York v Zullich*, 89 AD3d 1447, 1448).

The father contends that Hayward failed to meet her burden of proving that extraordinary circumstances exist to warrant Hayward's continued custody of the children.  We reject that contention.  It is well settled that, "as between a parent and a nonparent, the parent has a superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right because of 'surrender, abandonment, persisting neglect, unfitness or other like extraordinary circumstances' " (*Matter of Gary G. v Roslyn P.*, 248 AD2d 980, 981, quoting *Matter of Bennett v Jeffreys*, 40 NY2d 543, 544; *see Matter of Campbell v January*, 114 AD3d 1176, 1176, *lv denied* 23 NY3d 902).  "The nonparent has the burden of establishing that extraordinary circumstances exist even where, as here, 'the prior order granting custody of the child[ren] to [the] nonparent[] was made upon consent of the parties' " (*Matter of Howard v McLoughlin*, 64 AD3d 1147, 1147; *see Matter of Ruggieri v Bryan*, 23 AD3d 991, 992).  Here, the record establishes that, in July 2008, the father voluntarily surrendered the children to Hayward, that in 2009 the father petitioned to regain custody of the children but the petition was dismissed for failure to prosecute, and that the father made no further efforts to regain custody of the children until April 2013, when he filed the instant petition.  While the children were in Hayward's custody, the father sporadically attended visitation with the children and, when he did so, behaved inappropriately.  Moreover, during his testimony at a hearing on the petition and cross petition, the father admitted that he did not know the children's birth dates, ages, or grade levels at school.  We therefore agree with the court that Hayward met her burden of proving that extraordinary circumstances were present here (*see Matter of Komenda v Dininny*, 115 AD3d 1349, 1350; *Campbell*, 114 AD3d at 1176-1177; *Ruggieri*, 23 AD3d at 992).

We reject the father's related contention that he was not required to demonstrate a change in circumstances to warrant an inquiry into the best interests of the children.  Where, as here, the prior order granting custody of the children to a nonparent was made upon the consent of the parties and the nonparent has met his or her burden of demonstrating that extraordinary circumstances exist, the

burden shifts to the parent "to demonstrate a change in circumstances to warrant an inquiry into the best interests of the children on the issue of custody" (*Matter of McNeil v Deering*, 120 AD3d 1581, 1582, *lv denied* 24 NY3d 911; *see generally Howard*, 64 AD3d at 1148).  Contrary to his contention, the father failed to demonstrate a change in circumstances (*see generally McNeil*, 120 AD3d at 1582-1583; *Matter of Rosso v Gerouw-Rosso*, 79 AD3d 1726, 1727).

Finally, even assuming, arguendo, that the father demonstrated a change in circumstances to warrant an inquiry into the best interests of the children, we conclude that the record establishes that "[Hayward] is more fit to care for the child[ren], and the continuity and stability of the existing custodial arrangement is in the child[ren's] best interests" (*Rosso*, 79 AD3d at 1727).

Entered:  May 8, 2015                          Frances E. Cafarell
                                               Clerk of the Court