# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1169**
**CAF 14-01333**
PRESENT: CARNI, J.P., LINDLEY, DEJOSEPH, CURRAN, AND TROUTMAN, JJ.

---

IN THE MATTER OF ZAKIYYAH WOLFFORD,
PETITIONER-APPELLANT,

       V             MEMORANDUM AND ORDER

ANTHONY STEPHENS, RESPONDENT-RESPONDENT.
-----------------------------------------
IN THE MATTER OF ZAKIYYAH WOLFFORD,
PETITIONER-APPELLANT,

       V

GAYLE BRYNETTE, RESPONDENT-RESPONDENT.

---

EVELYNE A. O'SULLIVAN, EAST AMHERST, FOR PETITIONER-APPELLANT.

BERNADETTE M. HOPPE, ATTORNEY FOR THE CHILD, BUFFALO.

---

Appeal from an order of the Family Court, Erie County (Margaret O. Szczur, J.), entered June 18, 2014 in proceedings pursuant to Family Court Act article 6. The order, among other things, directed that the subject child shall continue to reside with respondent Gayle Brynette.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the petitions are reinstated, and the matter is remitted to Family Court, Erie County, for further proceedings in accordance with the following memorandum: On appeal from an order directing, inter alia, that her child continue to reside with his paternal grandmother, respondent Gayle Brynette (grandmother), petitioner mother contends that Family Court erred in failing to make a determination of extraordinary circumstances before rendering a decision on the best interests of the child and that the record does not support a finding of extraordinary circumstances. We agree with the mother that the court erred in failing to make a determination whether extraordinary circumstances existed to warrant an inquiry into the best interests of the child. "It is well established that, as between a parent and a nonparent, the parent has a superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right because of surrender, abandonment, persisting neglect, unfitness or other like extraordinary circumstances . . . The nonparent has the burden of proving that extraordinary circumstances exist, and until such circumstances are shown, the court does not reach the issue of the

best interests of the child" (*Matter of Gary G. v Roslyn P.*, 248 AD2d 980, 981 [internal quotation marks omitted]; *see Matter of Howard v McLoughlin*, 64 AD3d 1147, 1147-1148). "The foregoing rule applies even if there is an existing order of custody concerning that child unless there is a prior determination that extraordinary circumstances exist" (*Gary G.*, 248 AD2d at 981; *see Matter of Katherine D. v Lawrence D.*, 32 AD3d 1350, 1351, *lv denied* 7 NY3d 717; *Matter of Vincent A.B. v Karen T.*, 30 AD3d 1100, 1101, *lv denied* 7 NY3d 711).

Here, as in *Howard*, "there is no indication in the record that, in the history of the parties' litigation, the court previously made a determination of extraordinary circumstances divesting the mother of her superior right to custody" (64 AD3d at 1148). Furthermore, because the hearing transcript, which was transcribed from an audio recording, is riddled with "unintelligible" gaps in the testimony, "the record is insufficient to enable us to make our own determination with respect to whether extraordinary circumstances exist" (*id.*). We therefore reverse the order, reinstate the petitions, and remit the matter to Family Court to determine, following a hearing if necessary, whether extraordinary circumstances exist.

Entered:  December 23, 2016                    Frances E. Cafarell
                                               Clerk of the Court