Matter of Driscoll v Mack (2018 NY Slip Op 06640)





Matter of Driscoll v Mack


2018 NY Slip Op 06640


Decided on October 5, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, CURRAN, AND TROUTMAN, JJ.


896 CAF 17-00376

[*1]IN THE MATTER OF SARAH M. DRISCOLL, PETITIONER-APPELLANT,
v
TIMOTHY J. MACK AND LISA L. DRISCOLL, RESPONDENTS-RESPONDENTS. 






D.J. & J.A. CIRANDO, ESQS., SYRACUSE (ELIZABETH deV. MOELLER OF COUNSEL), FOR PETITIONER-APPELLANT.
SUSAN B. MARRIS, MANLIUS, ATTORNEY FOR THE CHILDREN.


 Appeal from an order of the Family Court, Cayuga County (Thomas G. Leone, J.), entered January 27, 2017 in a proceeding pursuant to Family Court Act article 6. The order, among other things, awarded primary physical custody of the subject children to respondent Lisa L. Driscoll. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the matter is remitted to Family Court, Cayuga County, for further proceedings in accordance with the following memorandum: In this proceeding pursuant to Family Court Act article 6, respondent Lisa L. Driscoll, the maternal grandmother (grandmother), filed a petition, dated April 11, 2016, seeking to modify a prior custody order, pursuant to which petitioner mother would have obtained primary physical custody of the subject children on July 1, 2016. In the petition, the grandmother essentially alleged that the mother suffered from mental health issues and was abusing drugs and alcohol. Family Court subsequently convened a hearing, which was held over two nonconsecutive days. At the hearing, the mother was the only witness to give testimony. The court granted the petition before the grandmother rested and awarded her primary physical custody of the children. On appeal, the mother contends that the court erred in granting the petition without completing the hearing. We agree.
"[A]s between a parent and a nonparent, the parent has a superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right because of surrender, abandonment, persisting neglect, unfitness or other like extraordinary circumstances" (Matter of Howard v McLoughlin, 64 AD3d 1147, 1147 [4th Dept 2009] [internal quotation marks omitted]; see Matter of Suarez v Williams, 26 NY3d 440, 446 [2015]). "The nonparent has the burden of establishing that extraordinary circumstances exist even where, as here, the prior order granting custody of the child to [the] nonparent[] was made upon consent of the parties' " (Howard, 64 AD3d at 1147; see Matter of Katherine D. v Lawrence D., 32 AD3d 1350, 1351 [4th Dept 2006], lv denied 7 NY3d 717 [2006]).
Here, the court erred in granting the grandmother's petition prior to the completion of the hearing. The mother's testimony was not complete, the grandmother had not yet rested, and the mother had not been afforded the opportunity to call witnesses or present other evidence on her own behalf. In addition, there were controverted issues inasmuch as there is no evidence in the record of the mother's mental health other than her erratic in-court conduct, which she attributed to the trauma of being separated from her children, and there is no evidence whatsoever that the mother was abusing drugs or alcohol. Indeed, she denied abusing alcohol. We conclude that the court should have completed the hearing. We therefore reverse the order and remit the matter to Family Court for a full hearing on the grandmother's petition (see generally Matter of Wolfford v Stephens, 145 AD3d 1569, 1570 [4th Dept 2016])).
Entered: October 5, 2018
Mark W. Bennett
Clerk of the Court