Matter of Nickerson v Woods (2019 NY Slip Op 09216)





Matter of Nickerson v Woods


2019 NY Slip Op 09216


Decided on December 20, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., NEMOYER, TROUTMAN, AND BANNISTER, JJ.


1270 CAF 18-01599

[*1]IN THE MATTER OF JEREMIAH A. NICKERSON, PETITIONER-RESPONDENT,
v
VICTORIA A. WOODS, RESPONDENT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (DANIELLE K. BLACKABY OF COUNSEL), FOR RESPONDENT-APPELLANT. 
PETER J. DIGIORGIO, JR., UTICA, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Onondaga County (William W. Rose, R.), entered August 6, 2018 in a proceeding pursuant to Family Court Act article 6. The order, among other things, awarded petitioner sole legal and physical custody of the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent mother appeals from an order, inter alia, awarding petitioner father sole legal and physical custody of the subject child. We reject the contention of the mother that Family Court abused its discretion in refusing to permit her to testify by telephone from another state during the hearing on the father's custody petition. Under the circumstances of this case, in which the mother absconded with the child to Georgia without the father's knowledge or permission, we find no abuse of discretion (see Matter of Jaydalee P. [Codilee R.], 156 AD3d 1477, 1477-1478 [4th Dept 2017], lv denied 31 NY3d 904 [2018]). Contrary to the mother's further contention, there is a sound and substantial basis in the record supporting the court's determination limiting her to supervised visitation in the county of the father's residence (see Matter of Shaffer v Woodworth, 175 AD3d 1803, 1804 [4th Dept 2019]; Matter of Campbell v January, 114 AD3d 1176, 1177 [4th Dept 2014], lv denied 23 NY3d 902 [2014]).
We reject the mother's contention that the court erred in awarding custody to the father in the absence of an order of filiation. Under the circumstances here, the court properly determined that the mother was judicially estopped from denying the father's paternity (see Matter of Mukuralinda v Kingombe, 100 AD3d 1431, 1432 [4th Dept 2012]).
The mother's contention that the child was deprived of effective assistance of counsel because the Attorney for the Child improperly substituted her judgment for the wishes of the child is not preserved for our review (see Matter of Audreanna VV. v Nancy WW., 158 AD3d 1007, 1011 [3d Dept 2018]; Matter of Emmanuel J. [Maximus L.], 149 AD3d 1292, 1297 [3d Dept 2017]) and, in any event, it is without merit. Finally, the mother's remaining contention is likewise not preserved for our review (see generally Ciesinski v Town of Aurora, 202 AD2d 984, 985 [4th Dept 1994]).
Entered: December 20, 2019
Mark W. Bennett
Clerk of the Court