Matter of Wells v Freeland (2022 NY Slip Op 07375)

Matter of Wells v Freeland

2022 NY Slip Op 07375

Decided on December 23, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, WINSLOW, AND BANNISTER, JJ.

881 CAF 21-00903

[*1]IN THE MATTER OF MICHAEL C. WELLS, PETITIONER-APPELLANT,
v
DAWN M. FREELAND AND JACQUELINE M. FREELAND, RESPONDENTS-RESPONDENTS. 

CHARLES J. GREENBERG, AMHERST, FOR PETITIONER-APPELLANT.
LAW OFFICE OF VERONICA REED, SCHENECTADY (VERONICA REED OF COUNSEL), FOR RESPONDENT-RESPONDENT DAWN M. FREELAND. 
GARY MULDOON, ROCHESTER, ATTORNEY FOR THE CHILDREN. 

 Appeal from an order of the Family Court, Seneca County (Barry L. Porsch, J.), entered June 8, 2021 in a proceeding pursuant to Family Court Act article 6. The order dismissed the petitions. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by reinstating the petition seeking modification of an order of custody and visitation and as modified the order is affirmed without costs and the matter is remitted to Family Court, Seneca County, for further proceedings in accordance with the following memorandum: Petitioner father appeals from an order granting the motion of respondent Dawn M. Freeland (grandmother), made at the close of the father's case at a hearing, to dismiss his petition seeking modification of a prior stipulated order of custody and visitation, and his petition alleging that the grandmother violated that prior order. The motion was joined by respondent Jacqueline M. Freeland (mother) and the Attorney for the Children. Pursuant to the prior order, the parties share joint legal custody of the subject children, with the grandmother having primary physical custody and the mother and the father having visitation under separate visitation schedules.
Initially, we reject the father's contention that Family Court erred in granting the motion insofar as it sought to dismiss his violation petition. The court properly determined that the father failed to establish by clear and convincing evidence that the grandmother violated the terms of the prior order with respect to the father's visitation (see generally Matter of Cooley v Roloson, 201 AD3d 1299, 1299 [4th Dept 2022]).
With respect to the modification petition, we conclude that the court erred in requiring the father to prove that there had been a change in circumstances prior to making a determination regarding extraordinary circumstances (see Matter of Byler v Byler, 185 AD3d 1403, 1404 [4th Dept 2020]; Matter of Wolfford v Stephens, 145 AD3d 1569, 1569 [4th Dept 2016]; Matter of Michael G.B. v Angela L.B., 219 AD2d 289, 292 [4th Dept 1996]). "It is well settled that, as between a parent and a nonparent, the parent has a superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right because of surrender, abandonment, persisting neglect, unfitness or other like extraordinary circumstances" (Matter of Wilson v Hayward, 128 AD3d 1475, 1476 [4th Dept 2015], lv denied 26 NY3d 909 [2015] [internal quotation marks omitted]; see Wolfford, 145 AD3d at 1569). "The nonparent has the burden of establishing that extraordinary circumstances exist," and "it is only after a court has determined that extraordinary circumstances exist that the custody inquiry becomes 'whether there has been a change [in] circumstances [warranting further inquiry into] the best interests of the child[ren]' " (Matter of Howard v McLoughlin, 64 AD3d 1147, 1147-1148 [4th Dept 2009]; [*2]see Wolfford, 145 AD3d at 1569-1570; Wilson, 128 AD3d at 1477). "The foregoing rule applies even if there is an existing order of custody concerning th[e] child[ren] unless there is a prior determination that extraordinary circumstances exist" (Matter of Gary G. v Roslyn P., 248 AD2d 980, 981 [4th Dept 1998]). Here, "there is no indication in the record that, in the history of the parties' litigation, the court previously made a determination of extraordinary circumstances divesting the [father] of [his] superior right to custody" (Howard, 64 AD3d at 1148). Furthermore, "the record is insufficient to enable us to make our own determination with respect to whether extraordinary circumstances exist" (id.).
We therefore modify the order on appeal by reinstating the modification petition, and we remit the matter to Family Court to determine, following a hearing if necessary, whether extraordinary circumstances exist (see Wolfford, 145 AD3d at 1570; see also Matter of Vazquez v Velez, 90 AD3d 1559, 1559 [4th Dept 2011]; Howard, 64 AD3d at 1148).
Entered: December 23, 2022
Ann Dillon Flynn
Clerk of the Court