Matter of Gerow v Samuel (2024 NY Slip Op 04689)

Matter of Gerow v Samuel

2024 NY Slip Op 04689

Decided on September 27, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, GREENWOOD, NOWAK, AND KEANE, JJ.

627 CAF 23-01697

[*1]IN THE MATTER OF ROBYN GEROW, PETITIONER-RESPONDENT,
v
ANNIAH SAMUEL, RESPONDENT-APPELLANT. 

THE LAW OFFICES OF MATTHEW ALBERT, ESQ., DARIEN CENTER (MATTHEW ALBERT OF COUNSEL), FOR RESPONDENT-APPELLANT.
CENTER FOR ELDER LAW & JUSTICE, BUFFALO (DAVID A. SHAPIRO OF COUNSEL), FOR PETITIONER-RESPONDENT. 
PETER P. VASILION, WILLIAMSVILLE, ATTORNEY FOR THE CHILD.

 Appeal from an order of the Family Court, Erie County (Brenda M. Freedman, J.), entered May 22, 2023, in a proceeding pursuant to Family Court Act article 6. The order, inter alia, awarded petitioner sole custody of the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, respondent mother appeals from an order that, inter alia, granted custody of the subject child to petitioner, Robyn Gerow (grandmother). We reject the mother's contention that the grandmother failed to establish the existence of extraordinary circumstances. It is well settled that "[t]he State may not deprive a parent of the custody of a child absent surrender, abandonment, persisting neglect, unfitness, or other like extraordinary circumstances" (Matter of Bennett v Jeffreys, 40 NY2d 543, 544 [1976]; see Matter of Wolfford v Stephens, 145 AD3d 1569, 1569-1570 [4th Dept 2016]). "If extraordinary circumstances are established such that the nonparent has standing to seek custody, the court must make an award of custody based on the best interest of the child" (Matter of Suarez v Williams, 26 NY3d 440, 446 [2015]).
We agree with the mother that, in determining that extraordinary circumstances exist, Family Court erred in relying on the fact that the child had been in the custody of the grandmother for an extended period of time. The child was placed in the grandmother's custody only after an order of protection was issued against the mother regarding the child, and the mother thereafter petitioned to regain custody (see generally Matter of Dickson v Lascaris, 53 NY2d 204, 209-210 [1981]; Matter of Byler v Byler, 207 AD3d 1072, 1074 [4th Dept 2022], lv denied 39 NY3d 901 [2022]). The court properly further held, however, that the "cumulative effect of all issues" (Matter of Tuttle v Worthington [appeal No. 2], 219 AD3d 1142, 1144 [4th Dept 2023] [internal quotation marks omitted]; see Byler, 207 AD3d at 1074-1075; Matter of Renee TT. v Britney UU., 133 AD3d 1101, 1103 [3d Dept 2015]) other than the extended disruption of custody established that extraordinary circumstances exist. The evidence established that the mother was an unfit and neglectful parent based on, inter alia, the mother's use of excessive corporal punishment; her disregard of court orders requiring supervision of her access and precluding contact between the child and her boyfriend, who murdered the child's father; her failure to recognize the child's need for counseling or to facilitate such counseling; her failure to take any interest in the child's education; and her conduct in allowing repeated exposure of the child to his father's murderer and in nurturing that relationship (see generally Matter of Van Dyke v Cole, 121 AD3d 1584, 1585-1586 [4th Dept 2014]).
Contrary to the mother's further contention, the court properly determined that it was in the best interests of the child for custody to be granted to the grandmother (see Matter of Matthews v Allen, 214 AD3d 1431, 1433-1434 [4th Dept 2023]).
Entered: September 27, 2024
Ann Dillon Flynn
Clerk of the Court