Matter of Pilkenton v Scipione (2025 NY Slip Op 00768)

Matter of Pilkenton v Scipione

2025 NY Slip Op 00768

Decided on February 7, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 7, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., BANNISTER, OGDEN, DELCONTE, AND HANNAH, JJ.

910 CAF 24-00241

[*1]IN THE MATTER OF JASON T. PILKENTON, PETITIONER-RESPONDENT,
v
THEA SOPHIA P. SCIPIONE, RESPONDENT-RESPONDENT. - JEFFREY L. TURNER, ESQ., ATTORNEY FOR THE CHILD, APPELLANT. 

JEFFREY L. TURNER, ROCHESTER, ATTORNEY FOR THE CHILD, APPELLANT PRO SE.
THEA SOPHIA P. SCIPIONE, RESPONDENT-RESPONDENT PRO SE.

 Appeal from an order of the Family Court, Monroe County (Julie Anne Gordon, R.), entered July 27, 2023, in a proceeding pursuant to Family Court Act article 6. The order, among other things, dismissed the modification petition of petitioner. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, the Attorney for the Child (AFC) appeals from an order that, in relevant part, dismissed petitioner father's petition seeking modification of the parties' custody arrangement. The AFC contends that Family Court erred in determining that the father failed to establish the requisite change in circumstances. The AFC further contends that it is in the child's best interests to award primary residency to the father. Assuming, arguendo, that the AFC has authority to pursue an appeal on behalf of the child under the circumstances of this case (see Matter of Muriel v Muriel, 228 AD3d 1345, 1346 [4th Dept 2024]; Matter of Kessler v Fancher, 112 AD3d 1323, 1324 [4th Dept 2013]), we reject the AFC's contentions. Assuming, arguendo, that the father demonstrated a change in circumstances sufficient to warrant an inquiry into the best interests of the child, we conclude that the record establishes that "the continuity and stability of the existing custodial arrangement is in the child[ ]'s best interests" (Matter of Wilson v Hayward, 128 AD3d 1475, 1477 [4th Dept 2015], lv denied 26 NY3d 909 [2015] [internal quotation marks omitted]).
Entered: February 7, 2025
Ann Dillon Flynn
Clerk of the Court