there was a deterioration in the parties' relationships and that the grandparents interfered with his scheduled visitation or telephone access (*see Matter of Kashif II. v Lataya KK.*, 99 AD3d 1075, 1076 [2012]).

In appeal No. 5, the father contends that the court erred in refusing to retain jurisdiction over the 2013 modification petition because, contrary to the court's determination, New York is the more convenient forum. We reject that contention, inasmuch as there is a sound and substantial basis in the record to support the court's determination that Vermont is the more appropriate forum (*see Matter of Frank MM. v Lorain NN.*, 103 AD3d 951, 952 [2013]). Present—Scudder, P.J., Centra, Carni, Lindley and Whalen, JJ.

■ In the Matter of JEREMY A. MCNEIL, Appellant, v BETH L. DEERING, Respondent. (Appeal No. 2.) [992 NYS2d 660]—Appeal from an amended order of the Family Court, Jefferson County (Peter A. Schwerzmann, A.J.), entered April 12, 2013 in a proceeding pursuant to Family Court Act article 6. The amended order dismissed the petition.

It is hereby ordered that the amended order so appealed from is unanimously affirmed without costs.

Same memorandum as in *Matter of McNeil v Deering* ([appeal No. 1] 120 AD3d 1581 [2014]). Present—Scudder, P.J., Centra, Carni, Lindley and Whalen, JJ.

■ In the Matter of JEREMY A. MCNEIL, Appellant, v MICHAEL DEERING, Respondent. (Appeal No. 3.) [992 NYS2d 660]—Appeal from an amended order of the Family Court, Jefferson County (Peter A. Schwerzmann, A.J.), entered April 12, 2013 in a proceeding pursuant to Family Court Act article 8. The amended order dismissed the petition seeking an order of protection.

It is hereby ordered that the amended order so appealed from is unanimously affirmed without costs.

Same memorandum as in *Matter of McNeil v Deering* ([appeal No. 1] 120 AD3d 1581 [2014]). Present—Scudder, P.J., Centra, Carni, Lindley and Whalen, JJ.

■ In the Matter of JEREMY A. MCNEIL, Appellant, v TINA DEERING, Respondent. (Appeal No. 4.) [992 NYS2d 813]—Appeal from an amended order of the Family Court, Jefferson County (Peter A. Schwerzmann, A.J.), entered April 12, 2013 in a proceeding pursuant to Family Court Act article 8. The amended order dismissed the petition seeking an order of protection.

It is hereby ordered that the amended order so appealed from is unanimously affirmed without costs.

Same memorandum as in *Matter of McNeil v Deering* ([appeal No. 1] 120 AD3d 1581 [2014]). Present—Scudder, P.J., Centra, Carni, Lindley and Whalen, JJ.

In the Matter of the Adoption of SAPPHIRE W., an Infant. MARY W., Appellant; DEBBIE R., Respondent. [992 NYS2d 599]—

Appeal from an amended order of the Family Court, Cattaraugus County (Ronald D. Ploetz, A.J.), entered September 10, 2013 in a proceeding pursuant to Domestic Relations Law § 112-b. The amended order terminated post-adoption contact between petitioner and the subject child.

It is hereby ordered that the amended order so appealed from is unanimously modified on the law by granting the petition in part and directing respondent to comply with that part of the agreement requiring her to provide petitioner with annual progress reports and photographs in the event that petitioner provides respondent with annual notice of her address, and as modified the amended order is affirmed without costs.

Memorandum: Petitioner, the biological mother of the child at issue herein, entered into an agreement with respondent, the adoptive mother of the child, which provided for biannual visits with the child as a condition of her judicial surrender of her parental rights. The agreement was determined by Family Court (Nenno, J.) to be in the best interests of the child (*see* Domestic Relations Law § 112-b [2]; *cf. Matter of Kaylee O.*, 111 AD3d 1273, 1274 [2013]). The agreement provided, inter alia, that petitioner was entitled to visit the child for a period of two hours in the months of July and December, and that she was obligated to contact respondent by the first Monday of July and the first Monday of December to arrange the visits. The parties orally modified the agreement to provide for visitation on the day after Thanksgiving, rather than in December. It is undisputed that petitioner failed to contact respondent in July 2012 and that in November 2012 she did not contact respondent until November 15, rather than on November 5, which was the first Monday of November. Respondent refused to schedule the visit in November 2012, and petitioner sought to enforce the agreement.

Following a hearing, Family Court (Ploetz, A.J.) determined that, although petitioner's cell phone containing respondent's telephone number was destroyed, petitioner failed to make sufficient attempts to obtain respondent's telephone number by other means. The court therefore determined that petitioner