■ In the Matter of AARON S. SLADE, Respondent, v TONYA S. HOSACK, Appellant. [908 NYS2d 784]—

Appeal from an order of the Family Court, Cattaraugus County (Paul B. Kelly, J.H.O.), entered November 17, 2008 in a proceeding pursuant to Family Court Act article 6. The order granted the parties joint child custody.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent mother appeals from an order that, inter alia, denied her cross petition seeking primary physical custody of the parties' child and continued the existing award of primary physical custody with petitioner father. That arrangement had been in place for over a year prior to the instant proceeding. It is well settled that a prior custody award arrangement "should be changed based only upon countervailing circumstances on consideration of the totality of circumstances" (Fox v Fox, 177 AD2d 209, 210-211 [1992] [internal quotation marks omitted]), and we conclude that the mother failed to establish the requisite countervailing circumstances to warrant such a change. The child had been involved in early intervention based on cognitive and physical limitations, and he was to be a full-time student in the upcoming academic year. Although the prior custody order specified that the change in schooling could constitute a change in circumstances warranting modification of the prior custody arrangement, it further specified that the decisive factor would be whether the modification would serve the best interests of the child. We conclude on the record before us that there is a sound and substantial basis in the record to support Family Court's determination that the child's best interests would be served by continuing primary physical custody with the father (see generally Matter of Green v Mitchell, 266 AD2d 884 [1999]). Finally, contrary to the contention of the mother, the presence of half siblings of the child in her home is not dispositive, although it is a factor to be considered in making custody determinations (see Eschbach v Eschbach, 56 NY2d 167, 173 [1982]). Here, however, "both parties have other children, [and thus] an award of custody to either party would necessarily separate the child at issue from some of [his] siblings" (Matter of Brown v Marr, 23 AD3d 1029, 1030 [2005]). Present—Fahey, J.P., Carni, Lindley, Green and Gorski, JJ.