# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1055**
**CAF 10-02457**
PRESENT: FAHEY, J.P., PERADOTTO, LINDLEY, SCONIERS, AND GREEN, JJ.

---

IN THE MATTER OF ANTWAN WALKER,
PETITIONER-RESPONDENT,

V                                                  MEMORANDUM AND ORDER

JAMIKA CAMERON, RESPONDENT-APPELLANT.

---

CHARLES J. GREENBERG, BUFFALO, FOR RESPONDENT-APPELLANT.

REBECCA J. TALMUD, ATTORNEY FOR THE CHILD, WILLIAMSVILLE, FOR ANTWAN E.W., JR.

MELISSA A. CAVAGNARO, ATTORNEY FOR THE CHILD, BUFFALO, FOR DIAMOND S. W.

---------------------------------------------------------------------------------

Appeal from an order of the Family Court, Erie County (Sharon M. LoVallo, A.J.), entered December 16, 2010 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, granted primary physical custody of the parties' children to petitioner.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the petition is dismissed.

Memorandum: Respondent mother appeals from an order that, inter alia, granted the petition seeking to modify the custody and visitation provisions of the judgment of divorce by awarding primary physical custody of the parties' children to petitioner father. We note at the outset that the mother failed to include in the record on appeal the judgment of divorce. "Although [such an] 'omission . . . ordinarily would result in dismissal of the appeal . . ., there is no dispute' " concerning the custody provisions contained in the judgment, and we therefore reach the merits (*Matter of Carey v Windover*, 85 AD3d 1574, 1574; *see Matter of Dann v Dann*, 51 AD3d 1345, 1346-1347).

We agree with the mother that Family Court erred in awarding primary physical custody of the parties' children to the father. Even assuming, arguendo, that the father made " 'a sufficient evidentiary showing of a change in circumstances to require a hearing on the issue whether the existing custody [provisions] should be modified' " (*Matter of Hughes v Davis*, 68 AD3d 1674, 1675), we nevertheless conclude that it is in the best interests of the children for primary physical custody to remain with the mother (*see generally Matter of*

*Louise E. S. v W. Stephen S.*, 64 NY2d 946, 947).  The record establishes that the mother has been the children's primary caregiver throughout their lives (*see Sitts v Sitts*, 74 AD3d 1722, 1723).  In addition, the record establishes that the children have a close relationship with the half sibling residing in the mother's home.  Although "the presence of [a] half sibling[] . . . is not dispositive, . . . it is a factor to be considered in making custody determinations" (*Matter of Slade v Hosack*, 77 AD3d 1409; *see Eschbach v Eschbach*, 56 NY2d 167, 173).  We therefore reverse the order and dismiss the petition.