# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1028**
**CAF 14-01924**
PRESENT: SMITH, J.P., CENTRA, PERADOTTO, LINDLEY, AND CURRAN, JJ.

---

IN THE MATTER OF TORRENCE P. CURRY,
PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

LATOYA D. REESE, RESPONDENT-APPELLANT.

---

ELIZABETH CIAMBRONE, BUFFALO, FOR RESPONDENT-APPELLANT.

ALVIN M. GREENE, ATTORNEY FOR THE CHILD, BUFFALO.

---

Appeal from an order of the Family Court, Erie County (Sharon M. LoVallo, J.), entered October 3, 2014 in a proceeding pursuant to Family Court Act article 6.  The order, inter alia, awarded petitioner sole custody of the subject child.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum:  In this proceeding pursuant to Family Court Act article 6, respondent mother appeals from an order that, inter alia, awarded sole custody of the subject child to petitioner father. Initially, we agree with the mother that Family Court failed to state for the record that there was a sufficient change in circumstances to warrant a determination whether a change in the existing custody arrangement would be in the best interests of the child. Nevertheless, "this Court has the authority to independently review the record" to ascertain whether the requisite change in circumstances existed (*Matter of Prefario v Gladhill*, 90 AD3d 1351, 1352; *see Matter of Bedard v Baker*, 40 AD3d 1164, 1165; *see generally Matter of Williams v Tucker*, 2 AD3d 1366, 1367, *lv denied* 2 NY3d 705).

Here, the evidence in the record establishes that the Erie County Department of Social Services filed a neglect petition against the mother, and that the court entered a finding of neglect against the mother based on the conditions in her home.  "[T]he adjudication of neglect constituted a change in circumstances that warranted a determination whether a modification of the custody arrangement set forth in the [prior] joint custody order was in the best interests of the child" (*Matter of Christy S. v Phonesavanh S.*, 108 AD3d 1207, 1208; *see Matter of Ze'Nya G. [Nina W.]*, 126 AD3d 566, 566; *see also Matter of Palmatier v Carman*, 125 AD3d 1139, 1139-1140).  "In view of the foregoing, and despite the court's failure to articulate any specific findings to support [the conclusion] that a change in

circumstances had been established, we find that the requisite change in circumstances has been shown" (*Prefario*, 90 AD3d at 1353; *see Matter of Eastman v Eastman*, 118 AD3d 1342, 1343, *lv denied* 24 NY3d 910; *Matter of Casarotti v Casarotti*, 107 AD3d 1336, 1337-1339, *lv denied* 22 NY3d 852).

We reject the mother's further contention that the child's best interests are not served by awarding sole custody of the child to the father. Although "[t]his Court has held that sibling relationships should not be disrupted 'unless there is some overwhelming need to do so' " (*White v White*, 209 AD2d 949, 950, *lv dismissed* 85 NY2d 924; *see Salerno v Salerno*, 273 AD2d 818, 819), "this rule is not absolute and may be overcome where, as the record here shows, the best interest[s] of each child lie[] with a different parent" (*Matter of Delafrange v Delafrange*, 24 AD3d 1044, 1046, *lv denied* 8 NY3d 809 [internal quotation marks omitted]). Here, the court properly concluded that it is in the child's best interests that she be separated from her siblings (*see Matter of Lowe v O'Brien*, 81 AD3d 1093, 1095, *lv denied* 16 NY3d 713; *Matter of Lightbody v Lightbody*, 42 AD3d 537, 538, *lv denied* 9 NY3d 1017; *Matter of Seymour v Seymour*, 267 AD2d 1053, 1053, *lv denied* 95 NY2d 761).

The mother further contends that the court was biased against her. "A party claiming court bias must preserve an objection and move for the court to recuse itself" (*Matter of Baby Girl Z. [Yaroslava Z.]*, 140 AD3d 893, 894; *see Matter of Ashlyn Q. [Talia R.]*, 130 AD3d 1166, 1169), and the mother failed to do so here. Therefore, her contention is not preserved for our review. In any event, "[t]he record does not establish that the court was biased or prejudiced against" the mother (*Matter of Rasyn W.*, 270 AD2d 938, 938, *lv denied* 95 NY2d 766).

Entered: December 23, 2016

Frances E. Cafarell
Clerk of the Court