# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1278**
**CAF 15-01029**
PRESENT: WHALEN, P.J., SMITH, CARNI, DEJOSEPH, AND CURRAN, JJ.

---

IN THE MATTER OF AMBER L. ORLOWSKI,
PETITIONER-RESPONDENT,

              V                       MEMORANDUM AND ORDER

CRYSTAL M. ZWACK AND JOHN J. ZWACK,
RESPONDENTS-APPELLANTS.
----------------------------------------
MICHAEL J. SULLIVAN, ESQ., ATTORNEY FOR
THE CHILD, APPELLANT.

---

MICHAEL J. SULLIVAN, ATTORNEY FOR THE CHILD, FREDONIA, APPELLANT PRO
SE.

MARY S. HAJDU, LAKEWOOD, FOR RESPONDENTS-APPELLANTS.

---

Appeals from an order of the Family Court, Cattaraugus County
(Judith E. Samber, R.), entered June 2, 2015 in a proceeding pursuant
to Family Court Act article 6. The order granted the amended
petition.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, and the matter is
remitted to Family Court, Cattaraugus County, for further proceedings
in accordance with the following memorandum: In this proceeding
pursuant to Family Court Act article 6, respondents and the Attorney
for the Child appeal from an order granting full custody of
respondents' grandson to petitioner, the child's biological mother.
We note that, pursuant to a prior consent order, respondents have had
primary physical custody of the child, with visitation to petitioner,
since shortly after his birth. Nearly six years later, petitioner
filed the modification petition at issue herein, seeking primary
physical custody of the child. The order on appeal was entered
following a trial, and Family Court, relying in part on this Court's
decision in *Matter of Suarez v Williams* (128 AD3d 20, *revd* 26 NY3d
440), found that respondents had failed to establish standing by
making the requisite showing of extraordinary circumstances. As a
consequence, the court further concluded that it was unable to reach
the issue of the best interests of the child in determining custody.

"It is well established that, as between a parent and a
nonparent, the parent has a superior right to custody that cannot be
denied unless the nonparent establishes that the parent has
relinquished that right because of surrender, abandonment, persisting

neglect, unfitness or other like extraordinary circumstances . . . The nonparent has the burden of proving that extraordinary circumstances exist, and until such circumstances are shown, the court does not reach the issue of the best interests of the child" (*Matter of Wolfford v Stephens*, 145 AD3d 1569, ___).  The rule governing the nonparent's burden applies even if there is, as here, "an existing order of custody concerning that child unless there is a prior determination that extraordinary circumstances exist" (*Matter of Gary G. v Roslyn P.*, 248 AD2d 980, 981; *see Wolfford*, 145 AD3d at ___). Here, there is no prior determination of extraordinary circumstances, and thus respondents had the burden of establishing them.

Approximately six months after the court issued its order, the Court of Appeals reversed our decision in *Suarez* and clarified what constitutes extraordinary circumstances when the nonparent seeking custody is a grandparent of the child.  In that context, extraordinary circumstances may be demonstrated by an "extended disruption of custody, specifically: (1) a 24-month separation of the parent and child, which is identified as prolonged, (2) the parent's voluntary relinquishment of care and control of the child during such period, and (3) the residence of the child in the grandparents' household" (*Suarez*, 26 NY3d at 448 [internal quotation marks omitted]; *see* Domestic Relations Law § 72 [2]).

Evaluating those three elements in light of the facts of this case, we agree with respondents and the Attorney for the Child that respondents met their burden of establishing extraordinary circumstances, thereby giving them standing to seek custody of the child.  It is undisputed that the child has lived in respondents' home since he was born, when petitioner consented to give respondents primary physical custody of him.  Although the child has a good relationship with petitioner and has frequent visitation with her, petitioner has never made, in nearly six years, any serious attempts to regain custody or resume a parental role in the child's life. Inasmuch as petitioner voluntarily relinquished custody to respondents and has been separated from the child for a prolonged period of well over 24 months, during which time the child has resided in respondents' home, we conclude that respondents established the requisite extraordinary circumstances (*see id.* at 448-449).  We therefore reverse and remit the matter to Family Court to make a determination regarding the best interests of the child, following an additional hearing if necessary.

Entered:  February 3, 2017                    Frances E. Cafarell
                                              Clerk of the Court