# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**497**

**CAF 15-01557**

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.

---

IN THE MATTER OF JASON GREELEY,
PETITIONER-APPELLANT,

               V                              MEMORANDUM AND ORDER

GRETCHEN TUCKER AND KARA GREELEY,
RESPONDENTS-RESPONDENTS.

---

HEATHER A. TOMES, DELEVAN, FOR PETITIONER-APPELLANT.

FERN S. ADELSTEIN, OLEAN, FOR RESPONDENT-RESPONDENT KARA GREELEY.

JENNIFER M. LORENZ, ATTORNEY FOR THE CHILDREN, LANCASTER.

---

Appeal from an order of the Family Court, Cattaraugus County (Michael L. Nenno, J.), entered August 10, 2015 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, granted custody of the subject children to respondent Gretchen Tucker.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: On appeal from an order that, inter alia, granted custody of the subject children to respondent maternal grandmother (grandmother), petitioner father contends that the grandmother failed to establish the requisite extraordinary circumstances. We reject that contention.

It is well settled that, "as between a parent and nonparent, the parent has a superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right because of surrender, abandonment, persisting neglect, unfitness or other like extraordinary circumstances" (*Matter of Stent v Schwartz*, 133 AD3d 1302, 1303, *lv denied* 27 NY3d 902 [internal quotation marks omitted]; *see Matter of Bennett v Jeffreys*, 40 NY2d 543, 544). The evidence at the hearing established that, since the father and respondent mother separated in 2007, the father never had primary physical placement of the children and did not file a petition for custody for another seven years. Twice since then, when the mother was unable to have primary physical placement of the children, the father consented to award the grandmother custody of the children. During that time, he played a minimal role in the children's lives and made no contact with them for as long as 1½ years at a time. The grandmother, by contrast, has provided them with a stable home, where

they reside with their mother, half brother, and uncle. According deference to Family Court's factual findings and credibility determinations (*see Matter of Mildred PP. v Samantha QQ.*, 110 AD3d 1160, 1161-1162), we conclude that the court properly found extraordinary circumstances inasmuch as the father failed to maintain substantial, repeated and continuous contact with the children (*see Matter of Carpenter v Puglese*, 94 AD3d 1367, 1368-1369; *see also Matter of Laura M. v Nicole N.*, 143 AD3d 722, 723).

Although the father correctly contends that the court made no determination with respect to the best interests of the children, we conclude that reversal is not required on that ground. The record is sufficient for this Court to make such a determination, and we do so in the interest of judicial economy and the children's well-being (*see Matter of Cole v Nofri*, 107 AD3d 1510, 1512, *appeal dismissed and lv denied* 22 NY3d 1083; *Matter of Howell v Lovell*, 103 AD3d 1229, 1231). Upon our review of the relevant factors (*see Fox v Fox*, 177 AD2d 209, 210), we conclude that it is in the children's best interests to award the grandmother primary physical custody. Although the custodial arrangement has been unstable throughout the children's lives, the grandmother has continuously provided them with a stable home whenever needed. The grandmother's country home was recently renovated and the children have their own bedrooms, whereas the father over the years has resided with a series of paramours and has acknowledged that he does not have a plan if his current living situation changes. While living with the grandmother, the children have developed a close relationship with their half brother who also lives there. The grandmother has facilitated the children's schooling and extracurricular activities, whereas the father did not know the names of their teachers or pediatrician. Moreover, the grandmother is financially stable, owns her own home, and is employed full time as a registered nurse.

The father failed to preserve for our review his further contention that the Attorney for the Children failed to advocate for the children's position concerning custody or to request a *Lincoln* hearing, and thus provided ineffective assistance of counsel (*see Matter of Lopez v Lugo*, 115 AD3d 1237, 1237-1238). The father also failed to preserve for our review his contention that the court should have held a *Lincoln* hearing inasmuch as he did not request one (*see Matter of Thillman v Mayer*, 85 AD3d 1624, 1625).

Entered: May 5, 2017
Frances E. Cafarell
Clerk of the Court