■ CHRISTINE PRALL, Now Known as CHRISTINE DOUCETTE, Appellant, v RYAN PRALL, Respondent. [67 NYS3d 380]—

Appeal from an order of the Supreme Court, Onondaga County (Martha E. Mulroy, A.J.), entered August 23, 2016. The order modified the custody and visitation provisions of the parties' judgment of divorce by, inter alia, awarding the parties joint legal custody of the subject children, with residential custody to defendant and visitation to plaintiff.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff mother appeals from an order that modified the custody and visitation provisions of the parties' judgment of divorce by, inter alia, awarding the parties joint legal custody of the subject children, with residential custody with defendant father and visitation with the mother. The prior custody arrangement, which was set forth in a stipulation that was incorporated but not merged into the parties' judgment of divorce, provided that the father had residential custody of the children in Syracuse, New York, and that the mother's appointment to a semi-permanent station with her job in the United States Air Force would constitute a change in circumstances warranting an inquiry into whether a change in custody would be in the best interests of the children. After the mother received a three-year assignment in California, she moved to modify the prior custody arrangement, seeking residential custody of the children.

We reject the mother's contention that Supreme Court erred in awarding residential custody to the father inasmuch as the children would live with their half brother if the mother were awarded residential custody. "[T]he presence of half siblings of the child[ren] in [the mother's] home is not dispositive, al-

though it is a factor to be considered in making custody determinations" (*Matter of Slade v Hosack*, 77 AD3d 1409, 1409 [4th Dept 2010]). Here, the children have never resided with their half brother, outside of the times when they visited with the mother throughout the year. Thus, this is not a situation in which the children would be removed from a home with half siblings to live in a home without those siblings (*cf. Matter of Walker v Cameron*, 88 AD3d 1307, 1308 [4th Dept 2011]).

We further conclude that the court properly determined that it is in the children's best interests to remain in the residential custody of the father. "The determination of the trial court, which heard and observed the witnesses, is entitled to great deference and should not be disturbed where, as here, it has a sound and substantial basis in the record" (*Salerno v Salerno*, 273 AD2d 818, 818 [4th Dept 2000]). The record establishes that the children share a close bond with the maternal and paternal grandmothers, as well as the mother's brother and his children, all of whom live near the father, and that the mother will be able to maintain her relationship with the children through nightly telephone contact, as well as visitation during school breaks and the summer. We therefore conclude that there is a sound and substantial basis in the record supporting the court's determination (*see Slade*, 77 AD3d at 1409). Present—Smith, J.P., Carni, Curran and Winslow, JJ.