Matter of Kakwaya v Twinamatsiko (2018 NY Slip Op 02103)





Matter of Kakwaya v Twinamatsiko


2018 NY Slip Op 02103


Decided on March 23, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, CARNI, AND DEJOSEPH, JJ.


419 CAF 17-00918

[*1]IN THE MATTER OF BONFRIDA F. KAKWAYA, PETITIONER-RESPONDENT,
v
JOSEPH TWINAMATSIKO, RESPONDENT-APPELLANT, AND ONONDAGA COUNTY DEPARTMENT OF SOCIAL SERVICES, RESPONDENT-RESPONDENT. 






D.J. & J.A. CIRANDO, ESQS., SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR RESPONDENT-APPELLANT.
FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (DANIELLE K. BLACKABY OF COUNSEL), FOR PETITIONER-RESPONDENT. 
ARLENE H. BRADSHAW, SYRACUSE, ATTORNEY FOR THE CHILDREN. 


 Appeal from an order of the Family Court, Onondaga County (Julie A. Cecile, J.), entered July 26, 2016 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, granted sole legal and physical custody of the subject children to petitioner. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner mother commenced these proceedings seeking primary physical custody of the two subject children, and an order enforcing her visitation rights as set forth in a prior custody order entered on the stipulation of the parties. Respondent father appeals from an order that, inter alia, granted the mother sole legal and physical custody of the subject children and directed that the father have significant visitation. We note at the outset that the father does not "dispute that there was a sufficient change in circumstances since the prior order, and thus the issue before us is whether [Family Court] properly determined that the best interests of the children would be served by a change in" custody (Matter of Golda v Radtke, 112 AD3d 1378, 1378 [4th Dept 2013]).
Contrary to the father's contention, "the deterioration of the parties' relationship and their inability to coparent renders the existing joint custody arrangement unworkable" (Matter of York v Zullich, 89 AD3d 1447, 1448 [4th Dept 2011]; see Matter of Warren v Miller, 132 AD3d 1352, 1353 [4th Dept 2015]). We reject the father's further contention that the court erred in granting the mother sole custody of the children. The court's custody determination, which was "based in large part upon the court's firsthand assessment of the character and credibility of the parties, is entitled to great deference" (Matter of Thayer v Thayer, 67 AD3d 1358, 1359 [4th Dept 2009]), and we perceive no basis to disturb the court's determination where, as here, it is supported by a sound and substantial basis in the record (see Matter of Dubuque v Bremiller, 79 AD3d 1743, 1744 [4th Dept 2010]).
Finally, the father failed to preserve for our review his contention that the court erred in failing to conduct a Lincoln hearing inasmuch as he did not request such a hearing (see Matter of Greeley v Tucker, 150 AD3d 1646, 1647 [4th Dept 2017]; Matter of Thillman v Mayer, 85 AD3d 1624, 1625 [4th Dept 2011]). "In any event, based on the child[ren]'s young age[s], we perceive no abuse of discretion in the court's failure to conduct a Lincoln hearing" (Thillman, 85 AD3d at 1625).
Entered: March 23, 2018
Mark W. Bennett
Clerk of the Court