Matter of Driscoll v Mack (2020 NY Slip Op 02559)





Matter of Driscoll v Mack


2020 NY Slip Op 02559


Decided on May 1, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CARNI, BANNISTER, AND DEJOSEPH, JJ.


75 CAF 18-02298

[*1]IN THE MATTER OF LISA DRISCOLL, PETITIONER-RESPONDENT,
v
TIMOTHY MACK, RESPONDENT-RESPONDENT, AND SARAH DRISCOLL, RESPONDENT-APPELLANT.






D.J. & J.A. CIRANDO, PLLC, SYRACUSE (REBECCA L. KONST OF COUNSEL), FOR RESPONDENT-APPELLANT.
NORMAN J. CHIRCO, AUBURN, FOR PETITIONER-RESPONDENT.
HEIDI S. CONNOLLY, SKANEATELES, ATTORNEY FOR THE CHILD.
CHARLES M. THOMAS, AUBURN, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Cayuga County (Thomas G. Leone, J.), entered December 5, 2018 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, awarded physical custody of the subject children to petitioner. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, petitioner maternal grandmother (grandmother) filed a petition, dated April 11, 2016, seeking to modify a prior custody order, pursuant to which respondent mother would have obtained primary physical custody of the subject children on July 1, 2016. Respondent mother appeals from an order that, inter alia, modified the prior order, to which the parties had stipulated, by awarding physical custody of the children to the grandmother.
We reject the mother's contention that the record does not support a finding of extraordinary circumstances necessary to justify an award of custody to a nonparent. The grandmother had the burden of establishing that extraordinary circumstances exist even though the prior order, which awarded her primary physical custody of the children for a period of time, was made upon consent of the parties (see Matter of Katherine D. v Lawrence D., 32 AD3d 1350, 1351 [4th Dept 2006], lv denied 7 NY3d 717 [2006]). Here, the grandmother met that burden. It is undisputed that the children have lived in the grandmother's home for approximately seven years or more. In addition, the record reflects that, despite the mother having scheduled visitation with the children, she has failed to resume her parental role in their lives (see Matter of Suarez v Williams, 26 NY3d 440, 448 [2015]; Matter of Orlowski v Zwack, 147 AD3d 1445, 1446 [4th Dept 2017]).
Once the grandmother established that extraordinary circumstances existed, she had the burden, as petitioner, of establishing that a change in circumstances had occurred since entry of the prior order (see Matter of McNeil v Deering, 120 AD3d 1581, 1582-1583 [4th Dept 2014], lv denied 24 NY3d 911 [2014]; Matter of Howard v McLoughlin, 64 AD3d 1147, 1147-1148 [4th Dept 2009]). To the extent that our prior cases suggest that a change in circumstances analysis is not required here, those cases should no longer be followed (see e.g. Matter of Tamika C.P. v Denise M., 39 AD3d 1213, 1214 [4th Dept 2007]; Katherine D., 32 AD3d at 1351; Matter of Ruggieri v Bryan, 23 AD3d 991, 992 [4th Dept 2005]). We reject the mother's contention that the grandmother failed to make the requisite showing of a change in circumstances sufficient to [*2]warrant an inquiry into whether modification of the prior order is in the best interests of the children. "[A]n existing [custody] arrangement that is based upon a stipulation between the parties is entitled to less weight than a disposition after a plenary trial" (Matter of Alexandra H. v Raymond B.H., 37 AD3d 1125, 1126 [4th Dept 2007] [internal quotation marks omitted]). Here, the parties' stipulation required the mother to assume additional and greater parental responsibilities during a period of approximately five months, at the conclusion of which the mother was to obtain primary physical custody of the children. However, the record establishes that the mother increasingly failed to attend scheduled visitation with her children during that period and, instead, often chose to spend time with her boyfriend. She also often exhibited poor judgment as evidenced by, inter alia, her acknowledgment of violence in her home with the children present (see Matter of Fountain v Fountain, 130 AD3d 1107, 1108 [3d Dept 2015]). Moreover, Family Court observed firsthand her deteriorating mental condition (see Matter of Andrew L. v Michelle M., 140 AD3d 1240, 1241-1242 [3d Dept 2016]).
Finally, we conclude that the court properly determined that it is in the children's best interests for the grandmother to have physical custody (see generally Prall v Prall, 156 AD3d 1351, 1352 [4th Dept 2017]; Matter of Walker v Cameron, 88 AD3d 1307, 1308 [4th Dept 2011]). The grandmother has provided a stable living situation for the children, and the children wish to remain in her home.
Entered: May 1, 2020
Mark W. Bennett
Clerk of the Court