Matter of Byler v Byler (2020 NY Slip Op 04025)





Matter of Byler v Byler


2020 NY Slip Op 04025


Decided on July 17, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, TROUTMAN, AND DEJOSEPH, JJ.


260 CAF 18-00680

[*1]IN THE MATTER OF MELINDA BYLER, PETITIONER-RESPONDENT, AND KENNETH BYLER, PETITIONER-APPELLANT,
v
MARY BYLER, RESPONDENT-RESPONDENT. 






LINDA M. CAMPBELL, SYRACUSE, FOR PETITIONER-APPELLANT. 
PAUL B. WATKINS, FAIRPORT, FOR RESPONDENT-RESPONDENT.
JAMES SCOTT DIMMER, FREDONIA, FOR PETITIONER-RESPONDENT. 
AVERY S. OLSON, JAMESTOWN, ATTORNEY FOR THE CHILDREN.


 Appeal from an order of the Family Court, Chautauqua County (Michael J. Sullivan, J.), entered March 14, 2018 in proceedings pursuant to Family Court Act article 6. The order, insofar as appealed from, dismissed petitions filed by petitioner Kenneth Byler to modify a prior custody order. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed in the interest of justice and on the law without costs, the petition of petitioner Kenneth Byler filed on September 5, 2017 is reinstated and the joint petitions filed by petitioners on April 27 and June 12, 2017 are reinstated with respect to petitioner Kenneth Byler, and the matter is remitted to Family Court, Chautauqua County, for further proceedings in accordance with the following memorandum: Petitioner father filed one petition individually and two petitions jointly with petitioner mother seeking to modify a prior order that awarded custody of the subject children to respondent, the children's paternal aunt (aunt). As relevant here, the father sought to modify the order by awarding custody to him. As limited by his brief, the father appeals from an order insofar as it denied that relief, thereby effectively dismissing those petitions to that extent.
The father contends that Family Court erred in failing to make an initial determination with respect to the existence of extraordinary circumstances necessary to justify an award of custody to a nonparent. As a preliminary matter, although we agree with the aunt that the father failed to preserve that contention for our review, we
nevertheless review it in the interest of justice (see generally Matter of Ferratella v Thomas, 173 AD3d 1834, 1836 [4th Dept 2019]). Upon our review of that contention, we agree with the father that the court erred in failing to make an initial determination with respect to the existence of extraordinary circumstances.
" [A]s between a parent and a nonparent, the parent has a superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right because of surrender, abandonment, persisting neglect, unfitness or other like extraordinary circumstances . . . The nonparent has the burden of proving that extraordinary circumstances exist, and until such circumstances are shown, the court does not reach the issue of the best interests of the child' " (Matter of Orlowski v Zwack, 147 AD3d 1445, 1446 [4th Dept 2017]; see Matter of Bennett v Jeffreys, 40 NY2d 543, 545-546 [1976]). That rule " applies even if there is an existing order of custody concerning that child unless there is a prior determination that extraordinary circumstances exist' " (Matter of Wolfford v Stephens, 145 AD3d 1569, 1570 [4th Dept 2016]; see Orlowski, 147 AD3d at 1446). A prior consent order does not by itself [*2]constitute a judicial finding or an admission of extraordinary circumstances (see Matter of Driscoll v Mack, 183 AD3d 1229, 1230 [4th Dept 2020]; Matter of Schultz v Berke, 160 AD3d 1390, 1391 [4th Dept 2018]). There is no indication in the record that the court previously made a determination of extraordinary circumstances (see Wolfford, 145 AD3d at 1570; Matter of Howard v McLoughlin, 64 AD3d 1147, 1148 [4th Dept 2009]). Although we may make our own determination upon an adequate record (see Schultz, 160 AD3d at 1392; Matter of Ramos v Ramos, 75 AD3d 1008, 1010 [3d Dept 2010]), we decline to do so here. We therefore reverse the order insofar as appealed from, reinstate the petition of the father filed on September 5, 2017, and reinstate the joint petitions filed by petitioners on April 27 and June 12, 2017 with respect to the father (see Howard, 64 AD3d at 1148), and we remit the matter to Family Court to determine whether extraordinary circumstances exist and, if so, to make any other necessary determinations.
Entered: July 17, 2020
Mark W. Bennett
Clerk of the Court