Matter of Michael J.M. v Lisa M.H. (2021 NY Slip Op 01573)





Matter of Michael J.M. v Lisa M.H.


2021 NY Slip Op 01573


Decided on March 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CARNI, NEMOYER, CURRAN, AND WINSLOW, JJ.


168 CAF 19-00690

[*1]IN THE MATTER OF MICHAEL J.M., SR., PETITIONER-APPELLANT,
v
LISA M.H., RESPONDENT-RESPONDENT. (APPEAL NO. 1.) 






DAVID J. PAJAK, ALDEN, FOR PETITIONER-APPELLANT.
BRIAN P. DEGNAN, BATAVIA, ATTORNEY FOR THE CHILDREN. 


 Appeal from an order of the Family Court, Genesee County (Eric R. Adams, J.), entered September 5, 2018 in a proceeding pursuant to Family Court Act article 6. The order dismissed the petition for a modification of an order of custody and visitation. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the petition of petitioner Michael J.M., Sr. is reinstated, and the matter is remitted to Family Court, Genesee County, for further proceedings in accordance with the following memorandum: In these consolidated appeals arising from proceedings pursuant to Family Court Act articles 6 and 10, petitioner father appeals in appeal No. 1 from an order that dismissed as moot his article 6 petition for modification of custody and visitation. In appeal Nos. 2 through 4, the father appeals from modified orders of fact-finding and disposition that made a finding of neglect or derivative neglect against respondent mother with respect to each of the three subject children and placed the subject children with their maternal aunt. The father initially filed a petition for modification of custody and visitation against the mother, seeking primary residential custody of their three children. Petitioner Genesee County Department of Social Services then commenced a neglect proceeding against the mother, and the mother consented to the entry of orders finding the subject children to be neglected children. Family Court held a joint hearing regarding the neglect petition and the father's custody petition (see § 1055-b [a-1]), after which the court placed the children with their maternal aunt with the mother's consent but over the father's objection, and dismissed the father's custody petition as moot.
In appeal No. 1, we agree with the father that the court erred in dismissing his petition for modification of custody and visitation as moot without making a determination on the merits of his petition pursuant to Family Court Act article 6 (see § 1055-b [a-1]). We further agree with the father that, " '[a]s between a parent and a nonparent, the parent has a superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right because of surrender, abandonment, persisting neglect, unfitness or other like extraordinary circumstances' " (Matter of Orlowski v Zwack, 147 AD3d 1445, 1446 [4th Dept 2017]; see Matter of Bennett v Jeffreys, 40 NY2d 543, 545-546 [1976]). Nevertheless, on the facts of this case, we conclude that the maternal aunt did not have the burden of making a showing of extraordinary circumstances inasmuch as she did not file a petition in this matter and was not awarded custody of the children, but rather the children were placed with her for the pendency of the article 10 proceeding pursuant to Family Court Act § 1017 (cf. Matter of Byler v Byler, 185 AD3d 1403, 1404 [4th Dept 2020]; Matter of Susan T. v Crystal T., 175 AD3d 1829, 1830-1831 [4th Dept 2019]). We therefore reverse the order in appeal No. 1 and reinstate the father's petition, and modify the modified orders in appeal Nos. 2 through 4 by vacating the disposition, and we remit the matter to Family Court for a determination of the father's petition under Family Court Act article 6 and reconsideration of the disposition in the article 10 proceeding in light of its determination on the father's petition.
Entered: March 19, 2021
Mark W. Bennett
Clerk of the Court