Matter of Maung v Farrell (2021 NY Slip Op 05424)





Matter of Maung v Farrell


2021 NY Slip Op 05424


Decided on October 8, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 8, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, WINSLOW, AND BANNISTER, JJ.


771 CAF 19-00180

[*1]IN THE MATTER OF SHERI L. MAUNG, PETITIONER-RESPONDENT,
v
STEPHANIE L. FARRELL, RESPONDENT-APPELLANT, AND GARY A. LABRECK, JR., RESPONDENT-RESPONDENT. 






PETER J. DIGIORGIO, JR., UTICA, FOR RESPONDENT-APPELLANT. 
PAUL B. WATKINS, FAIRPORT, FOR PETITIONER-RESPONDENT. 
SCOTT A. OTIS, WATERTOWN, ATTORNEY FOR THE CHILD.


 Appeal from an order of the Family Court, Jefferson County (Diana D. Trahan, R.), entered October 10, 2018 in a proceeding pursuant to Family Court Act article 6. The order, among other things, adjudged that the subject child's primary residence shall be with petitioner. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, respondent mother appeals from an order that, inter alia, modified a prior stipulated order of custody by awarding primary physical residence of the subject child to the child's maternal grandmother (petitioner). Contrary to the mother's contention, the finding of extraordinary circumstances is supported by evidence in the record that, inter alia, the mother continued to reside and maintain a relationship with her boyfriend, who perpetrated instances of domestic violence against her in the presence of the child (see Matter of Sofia S.S. [Goldie M.—Elizabeth C.], 145 AD3d 787, 789 [2d Dept 2016]; Matter of Lori MM. v Amanda NN., 75 AD3d 774, 775-776 [3d Dept 2010]; see generally Matter of McNeil v Deering, 120 AD3d 1581, 1582 [4th Dept 2014], lv denied 24 NY3d 911 [2014]).
The mother does not contest Family Court's determination with respect to a change in circumstances (see generally Matter of Driscoll v Mack, 183 AD3d 1229, 1230 [4th Dept 2020], lv denied 35 NY3d 910 [2020]). Contrary to the mother's further contention, we conclude that a sound and substantial basis in the record supports the determination that an award of primary physical residence to petitioner is in the child's best interests (see Matter of Greeley v Tucker, 150 AD3d 1646, 1647 [4th Dept 2017]).
We have considered the mother's remaining contention and conclude that it lacks merit.
Entered: October 8, 2021
Ann Dillon Flynn
Clerk of the Court