Matter of Kennell v Trusty (2022 NY Slip Op 03596)

Matter of Kennell v Trusty

2022 NY Slip Op 03596

Decided on June 3, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 3, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, NEMOYER, WINSLOW, AND BANNISTER, JJ.

184 CAF 20-01429

[*1]IN THE MATTER OF ERIC M. KENNELL, SR., PETITIONER-RESPONDENT,
v
KAYLA L. TRUSTY, RESPONDENT-APPELLANT, AND DANIEL DOBBS, RESPONDENT-RESPONDENT.
IN THE MATTER OF ERIC M. KENNELL, SR., PETITIONER-RESPONDENT,
KAYLA L. TRUSTY, RESPONDENT-APPELLANT. 

PAUL B. WATKINS, FAIRPORT, FOR RESPONDENT-APPELLANT.
MARY HOPE BENEDICT, BATH, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Steuben County (Philip J. Roche, J.), entered September 25, 2020 in a proceeding pursuant to Family Court Act article 6. The order, among other things, adjudged that petitioner shall have primary physical placement of the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, petitioner filed an amended petition seeking to modify a prior custody order entered on the consent of petitioner and respondent mother. The prior custody order, inter alia, awarded the mother and petitioner joint custody of the subject child with physical placement with the mother. The mother now appeals from an order that, inter alia, modified the prior custody order by awarding primary physical placement of the child to petitioner, who is not a parent of the child. The mother has seven children, and petitioner is the father and custodial parent of the youngest two of those children.
We reject the mother's contention that petitioner failed to make the requisite showing that extraordinary circumstances existed to warrant an inquiry into whether an award of custody to a nonparent is in the child's best interests. "[A]s between a parent and a nonparent, the parent has a superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right because of surrender, abandonment, persisting neglect, unfitness or other like extraordinary circumstances" (Matter of Howard v McLoughlin, 64 AD3d 1147, 1147 [4th Dept 2009] [internal quotation marks omitted]; see Matter of Suarez v Williams, 26 NY3d 440, 446 [2015]). "The nonparent has the burden of establishing that extraordinary circumstances exist even where, as here, 'the prior order granting custody of the child to [the] nonparent[] was made upon consent of the parties' " (Howard, 64 AD3d at 1147; see Matter of Katherine D. v Lawrence D., 32 AD3d 1350, 1351 [4th Dept 2006], lv denied 7 NY3d 717 [2006]). Here, a determination in a dispositional order entered in a Family Court Act article 10 proceeding that the mother had neglected the subject child " 'supplied the threshold showing that extraordinary circumstances' " exist (Matter of Jackson v Euson, 153 AD3d 1655, 1656 [4th Dept 2017]).
We agree with the mother that once petitioner established that extraordinary circumstances existed, Family Court erred by failing to determine whether petitioner met his [*2]burden of establishing that a change in circumstances had occurred since entry of the prior order granting the mother and petitioner joint custody of the child (see generally Matter of Driscoll v Mack, 183 AD3d 1229, 1230 [4th Dept 2020], lv denied 35 NY3d 910 [2020]; Matter of McNeil v Deering, 120 AD3d 1581, 1582-1583 [4th Dept 2014], lv denied 24 NY3d 911 [2014]). Nevertheless, " 'this Court has the authority to independently review the record' to ascertain whether the requisite change in circumstances existed" (Matter of Curry v Reese, 145 AD3d 1475, 1475 [4th Dept 2016]). Here, petitioner established that since the time of the prior order, the child was subjected to physical aggression in the mother's home by some of the mother's other children. Further, while in the mother's care, the child had many unexplained absences from school and the mother failed to assist the child with his homework resulting in his need to repeat second grade. Moreover, the mother failed to comply with requirements of the prior custody order to ensure that the child is, inter alia, properly bathed and groomed and to maintain a safe and sanitary home. In addition, while the child's preference is not dispositive, " 'it is a factor to consider in determining whether there has been a change in circumstances' " (Matter of Cheney v Cheney, 118 AD3d 1358, 1359 [4th Dept 2014]). Here, the child expressed a strong preference to live with petitioner. Thus, we conclude that petitioner established the requisite change in circumstances (see generally Driscoll, 183 AD3d at 1230; Curry, 145 AD3d at 1476).
Finally, we conclude that the court properly determined that it is in the child's best interests for petitioner to have primary physical placement of the child (see generally Prall v Prall, 156 AD3d 1351, 1352 [4th Dept 2017]; Matter of Walker v Cameron, 88 AD3d 1307, 1308 [4th Dept 2011]). In addition to the evidence described above, the record establishes, inter alia, that petitioner has a close bond with the child and petitioner has primary physical custody of two of
the child's siblings.
Entered: June 3, 2022
Ann Dillon Flynn
Clerk of the Court