Matter of Matthews v Allen (2023 NY Slip Op 01603)

Matter of Matthews v Allen

2023 NY Slip Op 01603

Decided on March 24, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 24, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, CURRAN, BANNISTER, AND OGDEN, JJ.

79 CAF 21-01138

[*1]IN THE MATTER OF ALEXIS M. MATTHEWS, PETITIONER-APPELLANT,
v
JEROME ALLEN, CHANTELLE ALLEN AND DEQUAN R. JEFFERSON, RESPONDENTS-RESPONDENTS. 

KATHRYN M. FESTINE, UTICA, FOR PETITIONER-APPELLANT.
GREGG A. STARCZEWSKI, UTICA, FOR RESPONDENTS-RESPONDENTS JEROME ALLEN AND CHANTELLE ALLEN.
SCOTT T. GODKIN, WHITESBORO, FOR RESPONDENT-RESPONDENT DEQUAN R. JEFFERSON.
PETER J. DIGIORGIO, JR., UTICA, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Supreme Court, Oneida County (Bernadette T. Clark, J.), entered November 30, 2021 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, granted sole physical custody of the subject child to respondents Jerome Allen and Chantelle Allen. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, petitioner mother appeals from an order that, inter alia, determined following a hearing that respondents Jerome Allen and Chantelle Allen (grandparents), the subject child's paternal grandfather and his wife, established extraordinary circumstances, determined that it was in the best interests of the child to remain in the care of the grandparents, and awarded sole physical custody of the child to the grandparents and regular parenting time to the mother. We affirm.
" '[A]s between a parent and a nonparent, the parent has a superior right to custody that cannot be denied unless the nonparent establishes that the parent has relinquished that right because of surrender, abandonment, persisting neglect, unfitness or other like extraordinary circumstances . . . The nonparent has the burden of proving that extraordinary circumstances exist, and until such circumstances are shown, the court does not reach the issue of the best interests of the child' " (Matter of Orlowski v Zwack, 147 AD3d 1445, 1446 [4th Dept 2017]; see Matter of Bennett v Jeffreys, 40 NY2d 543, 545-546 [1976]; Matter of Byler v Byler, 185 AD3d 1403, 1404 [4th Dept 2020]). That rule " 'applies even if there is an existing order of custody concerning that child unless there is a prior determination that extraordinary circumstances exist' " (Matter of Wolfford v Stephens, 145 AD3d 1569, 1570 [4th Dept 2016]; see Byler, 185 AD3d at 1404; Orlowski, 147 AD3d at 1446). Here, there is no prior determination of extraordinary circumstances, and thus the grandparents had the burden of establishing them.
When the nonparent seeking custody is a grandparent of the child, extraordinary circumstances may be demonstrated by "an extended disruption of custody, specifically: (1) a 24-month separation of the parent and child, which is identified as prolonged, (2) the parent's voluntary relinquishment of care and control of the child during such period, and (3) the residence of the child in the grandparents' household" (Matter of Suarez v Williams, 26 NY3d 440, 448 [2015] [internal quotation marks omitted]; see Domestic Relations Law § 72 [2]). [*2]Evaluating those three elements in light of the facts of this case, we agree with the grandparents that they met their burden of establishing extraordinary circumstances, thereby giving them standing to seek custody of the child. It is undisputed that the child has lived in the grandparents' home since, at the latest, September 2017, when the mother consented to give temporary custody of the child to respondent Chantelle Allen while the mother was homeless and living in a shelter. The mother requested that the grandparents return the child to her in late 2017 or early 2018, after Family Court issued a default order granting custody of the child to the grandparents, but the mother did not tell the grandparents where she would be living, the grandparents refused, and the mother did not seek intervention from the court. Evidence presented at the hearing showed that the mother later requested visitation with the child, but that she did not request to have the child returned permanently or seek intervention from the court until she commenced this modification proceeding in September 2020. The evidence therefore establishes that the mother did not make "any serious attempts to regain custody or resume a parental role in the child's life" for more than 24 months (Orlowski, 147 AD3d at 1447). Although the mother had weekly phone calls or video chats with the child, "[v]oluntary relinquishment does not require the complete severance of all ties between a parent and a child, and may be found where . . . a parent continues to maintain contact" (Matter of Karen Q. v Christina R., 170 AD3d 1446, 1448 [3d Dept 2019]; see Suarez, 26 NY3d at 453).
We further conclude that the mother met her burden, as petitioner, of establishing that a change in circumstances had occurred since entry of the order granting custody of the child to the grandparents on default (see generally Matter of Driscoll v Mack, 183 AD3d 1229, 1230 [4th Dept 2020], lv denied 35 NY3d 910 [2020]; Matter of McNeil v Deering, 120 AD3d 1581, 1582-1583 [4th Dept 2014], lv denied 24 NY3d 911 [2014]). Although Supreme Court failed to make that determination, " 'this Court has the authority to independently review the record' to ascertain whether the requisite change in circumstances existed" (Matter of Curry v Reese, 145 AD3d 1475, 1475 [4th Dept 2016]). Here, the mother established that since the time of the default order, she had found stable employment and suitable housing, and she had regained custody of two of her other children. Thus, we conclude that the mother established the requisite change in circumstances (see Matter of Sweeney v Daub-Stearns, 166 AD3d 1340, 1341-1342 [3d Dept 2018]; Matter of Maerz v Maerz, 165 AD3d 1404, 1405 [3d Dept 2018], lv denied 32 NY3d 914 [2019]).
Contrary to the mother's further contention, we conclude that the court properly determined that it is in the child's best interests to award sole physical custody of the child to the grandparents (see Matter of Greeley v Tucker, 150 AD3d 1646, 1647 [4th Dept 2017]; see generally Prall v Prall, 156 AD3d 1351, 1352 [4th Dept 2017]). The record establishes, inter alia, that the child has a close bond with the grandparents and that, while she remains in their custody, she has regular visits with her father and two of her siblings. Further, the grandparents have encouraged and facilitated the child's education and extracurricular activities, whereas the mother was unable to state in her testimony what activities the child was engaged in or which grade the child was in. We therefore conclude that there is a sound and substantial basis in the record supporting the court's determination.
Entered: March 24, 2023
Ann Dillon Flynn
Clerk of the Court