Matter of Cathcart v Williams (2025 NY Slip Op 01748)

Matter of Cathcart v Williams

2025 NY Slip Op 01748

Decided on March 21, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., MONTOUR, SMITH, NOWAK, AND DELCONTE, JJ.

222 CAF 23-02090

[*1]IN THE MATTER OF CANDACE CATHCART, PETITIONER-RESPONDENT,
v
CANIA WILLIAMS, RESPONDENT-RESPONDENT, AND DASHAWN CUNNINGHAM, RESPONDENT-APPELLANT. 

LAW OFFICE OF VERONICA REED, SCHENECTADY (VERONICA REED OF COUNSEL), FOR RESPONDENT-APPELLANT.
D.J. & J.A. CIRANDO, PLLC, SYRACUSE (REBECCA L. KONST OF COUNSEL), FOR PETITIONER-RESPONDENT.
WALTER BURKARD, MANLIUS, ATTORNEY FOR THE CHILD. 

 Appeal from an order of the Family Court, Onondaga County (Christina F. DeJoseph, J.), entered November 9, 2023, in a proceeding pursuant to Family Court Act articles 6 and 10. The order, inter alia, awarded kinship guardianship of the subject child to petitioner. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In a proceeding pursuant to Family Court Act articles 6 and 10, respondent father appeals from an order that, inter alia, awarded kinship guardianship of the subject child to petitioner maternal grandmother. Contrary to the father's contention, on the date he first orally requested a determination of paternity, he did not possess a statutory right to counsel pursuant to Family Court Act §§ 262 (a) (i), (v) and (b) and 1035 (d) inasmuch as, at that time, he was not a "petitioner," "respondent," or "parent" as contemplated by those statutory provisions.
The father also contends that Family Court erred in finding that extraordinary circumstances existed to warrant an inquiry into whether an award of custody to a nonparent is in the best interests of the child (see Matter of Bennett v Jeffreys, 40 NY2d 543, 544 [1976]). Here, however, the grandmother moved for partial summary judgment on the issue of extraordinary circumstances and, instead of opposing the motion, the father instead consented to proceed to trial on the issue of the best interests of the child. We therefore conclude that the father failed to preserve that issue for our review (see generally Matter of Byler v Byler, 185 AD3d 1403, 1404 [4th Dept 2020]; Matter of Davis v Delena, 159 AD3d 900, 901 [2d Dept 2018]; Matter of Isaiah O. v Andrea P., 287 AD2d 816, 817 [3d Dept 2001]). In any event, we conclude that the grandmother established the existence of extraordinary circumstances based on, inter alia, the prolonged separation of the child from the father, the attachment the child had formed to the grandmother and a sibling who also lived with the grandmother, and the father's abdication of parental rights and responsibilities (see generally Matter of Hilkert v Parsons-O'Dell, 187 AD3d 1675, 1676 [4th Dept 2020], lv denied 36 NY3d 905 [2021]).
Contrary to the father's further contention, in making its determination of the best interests of the child, the court properly compared the circumstances of the father to those of the grandmother (see generally Matter of Sevilla v Torres, — AD3d &mdash, &mdash, 2025 NY Slip Op [*2]00777, *2 [4th Dept 2025]; Matter of Lillyana B. [Brittney B.], 221 AD3d 1522, 1523 [4th Dept 2023]), and we conclude that there is a sound and substantial basis in the record for the court's determination that an award of custody to the grandmother is in the best interests of the child (see generally Matter of Brady J.S. v Darla A.B., 208 AD3d 1023, 1027 [4th Dept 2022], lv denied 39 NY3d 904 [2022]).
We reject the father's contention that he was denied effective assistance of counsel. The father's contention that his attorney was ineffective for failing to request an adjournment at a permanency hearing on the ground that the father did not personally appear at that hearing is without merit because the record reflects that the father did, in fact, appear at that hearing. With respect to the father's contention that his attorney was ineffective for failing to object to certain permanency hearing orders, by otherwise failing to take action prior to trial to end the child's placement with the grandmother, or by failing to move to dismiss the grandmother's petition at the close of her proof, "[t]here is no denial of effective assistance of counsel . . . arising from a failure to make a motion or argument that has little or no chance of success" (Matter of Buckley v Kleinahans, 162 AD3d 1561, 1562 [4th Dept 2018] [internal quotation marks omitted]). Finally, we reject the father's contention with respect to the remaining instances of allegedly ineffective assistance inasmuch as the father did not "demonstrate the absence of strategic or other legitimate explanations for counsel's alleged shortcomings" (id. at 1563 [internal quotation marks omitted]; see Matter of Elijah D. [Allison D.], 74 AD3d 1846, 1847 [4th Dept 2010]).
Entered: March 21, 2025
Ann Dillon Flynn
Clerk of the Court